IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| JOHN ELMY, individually and on behalf of all other similarly situated persons,<br><br>**Plaintiffs,**<br><br>v.<br><br>WESTERN EXPRESS, INC., NEW HORIZONS LEASING, INC., and JOHN DOES 1-5,<br><br>**Defendants.** | CIVIL NO. 3:17-cv-01199<br><br>JUDGE CAMPBELL<br>MAGISTRATE FRENSLEY |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
MOTION FOR EXTENSION OF TIME (DKT 66)**

Plaintiff does not object to granting Defendants an extension but he does object to granting it in a manner that prejudices him, the opt-ins, and the Fair Labor Standards Act ("FLSA") class. Plaintiffs offered to agree to Defendants' extension request so long as Defendants agree to toll the statute of limitations for that period to avoid the risk of prejudice to the Plaintiffs and class. Defendants refused, stating that they want the extension but will not take steps to avoid the risk of prejudice. *See* Dkt. 66-1.

This case arises out Defendants' attempts to evade the minimum wage requirements of the FLSA by misclassifying the Plaintiffs and purported class members as independent operators. By claiming the Plaintiffs are independent operators, Defendants seek to avoid their legal obligations under federal and state laws. They do so by requiring Plaintiffs to enter into an Equipment Lease ("Lease") with Defendant New Horizons Leasing, Inc., and a Contract Hauling Agreement ("Contract") with Defendant Western Express, Inc. that effectively create a "company store" scheme. The Lease requires the Plaintiffs to abide by the Contract or be in default of the Lease, which triggers accelerated lease payments, loss of use of the truck, and other severe financial

hardships. The Contract puts Plaintiffs at the mercy of Western Express, forcing them to accept work assignments for which they are paid less than the minimum wage. If Plaintiffs complain, Western Express is able to terminate the Contract triggering the financial penalties in the Lease.[1] This scheme is rampant in the trucking industry, relegating what was once a solidly middle-class profession to one that often pays poverty-level wages and treats truck drivers like "indentured servants."[2]

Delay in addressing these allegations is prejudicial to the Plaintiffs and the class. Unlike in a Rule 23 class, the FLSA statute of limitations runs on individual class members' claims until they file a consent to sue. *Roslies-Perez v. Superior Forestry Serv.*, Inc., 652 F.Supp.2d 887, 898 (M.D. Tenn. 2009). Notice to putative FLSA class members is an important tool in avoiding losing valid claims to a procedural bar and courts in this District recognize that issuing notice promptly is appropriate. *Roberts v. Corr. Corp. of Am.*, No. 3:14-CV-2009, 2015 WL 3905088, at *15 (M.D. Tenn. June 25, 2015), citing *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). A loss of two-week's back wage claims is significant to this class of workers who are trying to make ends meet while being paid less than the minimum wage.

---

[1] The details of the Contract and Lease Agreement are set out in more detail in Plaintiffs' Opposition to Defendants' Motion to Compel Arbitration, Dkt. 36, pp. 3-9.

[2] *See* Brett Murphy, USA Today, *Rigged. Forced into debt. Worked past exhaustion. Left with nothing.* (June 16, 2017), available at: https://www.usatoday.com/pages/interactives/news/rigged-forced-into-debt-worked-past-exhaustion-left-with-nothing/ (Dkt. 64-7); Steve Viscelli, The Atlantic, *Truck Stop: How One of America's Steadiest Jobs Turned Into One of Its Most Grueling* (May 10, 2016), available at: https://www.theatlantic.com/business/archive/2016/05/truck-stop/481926/ (Dkt. 64-7); Lydia DePillis, Washington Post, *Trucking used to be a ticket to the middle class. Now it's just another low-wage job.* (April 28, 2014), available at (https://www.washingtonpost.com/news/wonk/wp/2014/04/28/trucking-used-to-be-a-ticket-to-the-middle-class-now-its-just-another-low-wage-job/?utm_term=.8b22dd6fa8a4 (Dkt. 64-7).

Tolling the statute of limitations for an extension does not prejudice the Defendants. They are not prejudiced by having to pay back minimum wages they owe to employees for those two weeks if they are found liable. If they eventually answer and successfully defend against the allegations in the Complaint, the Defendants will be in the same position whether the statute is tolled or not. Moreover, by providing an extension without reciprocal tolling, the Court is incentivizing Defendant to seek additional extensions as each extension provided will reduce Defendants' exposure and liability.

Where notice is delayed, Courts regularly toll the FLSA statute of limitations. *See White v. Publix Super Markets, Inc.,* 3:14cv1189, 2015 WL 6510395 *6 (M.D. Tenn. Oct. 28, 2015) (granting tolling as a result of defendants' request to delay ruling on FLSA certification motion); *Roslies-Perez v. Superior Forstry Service, Inc.,* 652 F. Supp. 2d 887, 888 (M.D. Tenn. 2009) (granting tolling in FLSA action); *Penley v. NPC Int'l., Inc.,* 206 F. Supp. 3d 1341, 1348-1351 (W.D. Tenn. 2016) (applying factors and granting tolling in FLSA case); *Struck v. PNC Bank NA,* 931 F. Supp. 2d 842, 846-849 (S.D. Ohio 2013) (same).

Contrary to Defendants' claims, Plaintiff has diligently pursued the rights of the FLSA class in this action. In his Complaint, Plaintiff asked the Court to approve a collective action and direct notice be issued to all class members. No Fed. R. Civ. P. Rule 26(f) conference has been scheduled in this case because Defendants have yet to answer the Complaint. Instead, they filed a motion to compel arbitration and then a motion to stay the case indefinitely based on the Supreme Court review of a tangentially related case. All the while Plaintiffs have been unable to commence discovery because the conference has not taken place. *See* Fed. R. Civ. P. 26 ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f).") Despite not being able to conduct discovery of Defendants on the conditional certification issue,

Plaintiffs have independently and diligently gathered information to support the claims, as demonstrated in their motion for conditional certification. Dkt. 63, et. seq. This included finding and contacting individuals independent of any discovery. Plaintiffs had to ensure that they had gathered sufficient information to show that Plaintiffs are similarly situated. *See Peer v. Grayco Mgmt. LLC*, No. 3:16-CV-01578, 2017 WL 2403269, at *3 (M.D. Tenn. June 2, 2017) (denying conditional certification motion supported by allegations of single employee), *citing Cason v. Vibra Healthcare*, 2011 WL 1659381, at *3 (E.D. Mich. May 3, 2011) ("Although the standard for granting conditional certification is lenient, it is not non-existent."). Such information gathering takes time. Defendants should not be able to claim that because they have been successful in blocking progress in the case, Plaintiff have somehow not been diligent in his efforts.

The Court should accommodate the Defendants' request on the condition that they agree to toll the statute of limitations on the claims in the action. Tolling does not prejudice the Defendants but not a delay without tolling is prejudicial to the Plaintiff, the opt-in Plaintiffs, and the FLSA class. Defendants are not entitled to an extension when they refuse to take the necessary steps to avoid the prejudice their request creates and the Court should not grant such relief.

March 27, 2018

Respectfully Submitted,

*/s/ Lesley Tse*
Lesley Tse (*pro hac vice*)
Michael J.D. Sweeney (*pro hac vice*)
Getman, Sweeney & Dunn, PLLC
260 Fair Street
Kingston, New York 12401
Telephone: (845) 255-9370
Fax: (845) 255-8649
Email: ltse@getmansweeney.com

Justin L. Swidler, Esq. (*pro hac vice*)
Swartz Swidler, LLC
1101 Kings Hwy N., Ste 402
Cherry Hill, NJ 08034
Tel: (856) 685-7420
Fax: (856) 685-7417
Email: jswidler@swartz-legal.com

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2018, a copy of the foregoing document was electronically filed with the Court and electronically served on the date reflected in the ECF system upon:

Mark E. Hunt
R. Eddie Wayland
King & Ballow Law Offices
315 Union Street Ste. 1100
Nashville, TN 37201
Phone: (615) 259-3456
Fax: (615) 726-5417


*/s/ Lesley Tse*