# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JOHN ELMY, individually and on behalf of all other similarly situated persons, ) ) ) ) | |
| Plaintiff, ) | NO. 3:17-cv-01199 |
| ) | |
| v. ) ) | JUDGE CAMPBELL<br>MAGISTRATE JUDGE FRENSLEY |
| WESTERN EXPRESS, INC., et al., ) ) | |
| Defendants. ) | |

## ORDER

Pending before the Court are Defendant's Supplemental Motion To Stay Pending The Decision In *New Prime, Inc. v. Oliveira* (Doc. No. 61), Plaintiffs' Response (Doc. No. 65), and Defendants' Reply (Doc. No. 70). Through the Supplemental Motion, Defendants request that the Court stay this case pending the decision of the Supreme Court in *New Prime, Inc. v. Oliveira*, 2018 WL 1037577 (Order granting certiorari on Feb. 26, 2018). In *New Prime*, the Court is expected to review a decision of the First Circuit Court of Appeals which held that: (1) the applicability of the Federal Arbitration Act, 9 U.S.C. 1, *et seq.* ("FAA") is a threshold question for the court to determine before compelling arbitration under the Act; and (2) transportation-worker agreements that establish or purport to establish an independent-contractor relationship fall within the FAA exemption for contracts of employment of transportation workers. *Oliveira v. New Prime, Inc.,* 857 F.3d 7 (1st Cir. 2017). There is currently a circuit split on these issues. *Cf. Oliveira, supra, with Green v. SuperShuttle International, Inc.*, 653 F.3d 766 (8th Cir. 2011).

Defendants argue that a stay is warranted because Plaintiff cites the First Circuit's decision extensively in his response to the Defendants' pending motion to compel arbitration and stay or dismiss this case; and because continuing to litigate the issues here, before the Supreme Court issues its decision, would waste judicial resources and risks inconsistent results and confusion. Plaintiff argues that a stay should not be imposed because it will result in prejudice to potential opt-in plaintiffs, and would not preserve judicial resources because *New Prime* will not resolve all issues in this case.

The power of the court to stay proceedings "'is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court.'" *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626–27 (6th Cir. 2014) (quoting *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.,* 565 F.2d 393, 396 (6th Cir.1977)). One factor the court may consider is whether granting the stay will further the economical use of judicial time and resources. *Int'l Bhd. of Elec. Workers, Local Union No. 2020, AFL-CIO v. AT&T Network Sys.*, 879 F.2d 864 (Table), 1989 WL 78212, at *8 (6th Cir. 1989). Another factor is whether the non-moving party will be injured by a stay. *Id.*

The Court concludes that a stay is appropriate in this case. The issues raised by the parties relating to arbitration appear to be the same as those at issue in *New Prime*, and a decision by the Supreme Court, which will be binding on this Court, will likely settle or clarify those issues. Therefore, staying this case until a decision is issued will promote judicial efficiency and conservation of resources for both the parties and the Court.

In order to alleviate prejudice to the potential opt-in plaintiffs, the Court concludes that the statute of limitations should be equitably tolled as of March 15, 2018, the date Plaintiff filed

the motion for class certification (Doc. No. 63). *See Dixon v. Gonzales, 481 F.3d 324,* 331 (6th Cir. 2007); *Penley v. NPC International, Inc.,* 206 F.Supp.3d 1341, 1351 (W.D. Tenn. 2016); *White v. Publix Super Markets*, *Inc.,* 2015 WL 6510395, at *6 (M.D. Tenn. Oct. 28, 2015). In the event class certification is ultimately granted, the tolling period shall be extended until 90 days after issuance of Court-approved notice to potential plaintiffs. In the event the motion is denied, the issue of equitable tolling may be raised again in an appropriate motion.

This case is REFERRED to the Magistrate Judge to determine what, if any, discovery should be conducted to alleviate any loss of evidence during the period of the stay, which may include discovery of the contact information of potential class members and witnesses.

The other pending motions in this case (Doc. Nos. 24, 45, 63) are DENIED, without prejudice to refiling after the Supreme Court issues its opinion in *New Prime*. The parties shall file a notice with the Court within 10 days after issuance of the *New Prime* opinion.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE