| | | |
|---|---|---|
| JOHN ELMY, individually and on behalf of all other similarly situated persons, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 3:17-cv-01199 |
| v. | ) | Judge Campbell |
| | ) | Magistrate Judge Frensley |
| | ) | |
| WESTERN EXPRESS, INC., NEW HORIZONS LEASING, INC., and JOHN DOES 1-5, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## WESTERN EXPRESS, INC. AND NEW HORIZONS LEASING, INC.'S ANSWER TO PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT

Defendants Western Express, Inc. and New Horizons Leasing, Inc. ("Western" and "New Horizons," respectively, or "Defendants" collectively) hereby file their Answer to Plaintiff John Elmy's Collective and Class Action Complaint ("Complaint").

1. No answer is necessary in response to Paragraph 1 of the Complaint. To the extent a response is required, Western and New Horizons deny each and every allegation set forth in Paragraph 1 of the Complaint, except admit that Plaintiff purports to bring an action as alleged.

## INTRODUCTION

2. Defendants deny each and every allegation set forth in Paragraph 2 of the Complaint, except admit that Western is a private company engaged in moving freight across the

1

continental United States, and New Horizons is a private company engaged in leasing and/or selling commercial motor vehicle trucks to individuals and entities.

3. Defendants deny each and every allegation set forth in Paragraph 3, including subparagraphs a–g and footnote 1, of the Complaint, except admit that Plaintiff John Elmy is an individual former truck driver who performed services as an independent contractor for Western.

4. Defendants deny each and every allegation set forth in Paragraph 4 of the Complaint, except admit that Plaintiff purports to bring an action as alleged.

5. Defendants deny each and every allegation set forth in Paragraph 5 of the Complaint, except admit that Plaintiff purports to bring an action as alleged.

6. Defendants deny each and every allegation set forth in Paragraph 6 of the Complaint, except admit that Plaintiff purports to bring an action as alleged.

7. Defendants deny each and every allegation set forth in Paragraph 7 of the Complaint, except admit that Plaintiff purports to bring an action as alleged.

8. Defendants deny each and every allegation set forth in Paragraph 8 of the Complaint, except admit that Plaintiff purports to bring an action as alleged.

## JURISDICTION AND VENUE

9. Defendants deny each and every allegation set forth in Paragraph 9 of the Complaint, except admit that 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA") confers jurisdiction upon this Court under 28 U.S.C. § 1331, and specifically deny that the Complaint states a claim under the FLSA against either Western or New Horizons.

10. Defendants deny each and every allegation set forth in Paragraph 10 of the Complaint.

2

11.     Defendants deny each and every allegation set forth in Paragraph 11 of the Complaint.

12.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint and therefore deny those allegations.

13.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint and therefore deny those allegations.

14.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint and therefore deny those allegations.

15.     Defendants deny each and every allegation set forth in Paragraph 15 of the Complaint, except admit that Western Express is incorporated and maintains its headquarters in Tennessee and New Horizons is incorporated in Iowa.

16.     Defendants admit Paragraph 16 of the Complaint with respect to Western, and would state that the independent contractor drivers have the discretion to determine where and when repairs and maintenance will be performed on the truck and where the truck will be parked.

17.     Defendants admit Paragraph 17 of the Complaint.

### PARTIES

18.     Defendants deny each and every allegation set forth in Paragraph 18 of the Complaint and specifically deny the allegation that Plaintiff Elmy was an employee of either Western or New Horizons as a matter of law or otherwise. Plaintiff Elmy was an independent contractor truck driver for Western from approximately February 2016 until the contract was

terminated in February 2017. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint that Plaintiff Elmy is a natural person residing in Martinez, Georgia and therefore deny those allegations.

19.     Western admits Plaintiff was engaged in interstate commerce as an independent contractor with Western. New Horizons denies the allegations set forth in Paragraph 19 of the Complaint.

20.     Defendants deny each and every allegation set forth in Paragraph 20 of the Complaint, except admit that Plaintiff purports to bring an action as alleged.

21.     Concurrent herewith Defendants have filed a separate Partial Motion to Dismiss with respect to several of the allegations in the Complaint, including those described in Paragraph 21 of the Complaint involving the so called "nationwide class" pursuant to Fed. R. Civ. P. 23, and therefore, no further answer or other response is necessary as to such claims and allegations at this time. To the extent an answer or response is necessary, Defendants deny each and every allegation set forth in Paragraph 21 of the Complaint.

22.     Defendants deny each and every allegation set forth in Paragraph 22 of the Complaint, except admit that Plaintiff purports to bring an action as alleged.

23.     Defendants admit Paragraph 23 of the Complaint.

24.     Concurrent herewith Defendants have filed a separate Partial Motion to Dismiss with respect to several of the allegations in the Complaint, including those described in Paragraph 24 of the Complaint involving the so called "Rule 23 Class" pursuant to Fed. R. Civ. P. 23, and therefore, no further answer or other response is necessary as to such claims and

4

allegations at this time. To the extent an answer or response is necessary, Defendants deny each and every allegation set forth in Paragraph 24, including subparagraphs a–k, of the Complaint.

25.     Concurrent herewith Defendants have filed a separate Partial Motion to Dismiss with respect to several of the allegations in the Complaint, including those described in Paragraph 25 of the Complaint involving the so called "Rule 23 Class" pursuant to Fed. R. Civ. P. 23, and therefore, no further answer or other response is necessary as to such claims and allegations at this time. To the extent an answer or response is necessary, Defendants deny each and every allegation set forth in Paragraph 25, including subparagraphs a–d, of the Complaint.

26.     Concurrent herewith Defendants have filed a separate Partial Motion to Dismiss with respect to several of the allegations in the Complaint, including those described in Paragraph 26 of the Complaint involving the so called "Rule 23 Class" pursuant to Fed. R. Civ. P. 23, and therefore, no further answer or other response is necessary as to such claims and allegations at this time. To the extent an answer or response is necessary, Defendants deny each and every allegation set forth in Paragraph 26 of the Complaint.

27.     Concurrent herewith Defendants have filed a separate Partial Motion to Dismiss with respect to several of the allegations in the Complaint, including those described in Paragraph 27 of the Complaint involving the so called "Rule 23 Class" pursuant to Fed. R. Civ. P. 23, and therefore, no further answer or other response is necessary as to such claims and allegations at this time. To the extent an Answer is necessary, Defendants deny each and every allegation set forth in Paragraph 27, including subparagraphs e–i, of the Complaint.

28.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Complaint and therefore deny those allegations.

29.     Defendants deny each and every allegation set forth in Paragraph 29 of the Complaint.

30.     Defendants deny each and every allegation set forth in Paragraph 30 of the Complaint, except admit that both Western Express and New Horizons have places of business in Tennessee.

31.     Defendants deny each and every allegation set forth in Paragraph 31 of the Complaint, except admit that Western is headquartered in Nashville, Tennessee at 7135 Centennial Place.

32.     Defendants admit that Western is a motor carrier engaged in the transportation of freight in interstate commerce.

33.     Defendants admit Paragraph 33 of the Complaint.

34.     Defendants deny each and every allegation set forth in Paragraph 34 of the Complaint, except admit that New Horizons and Western have an office and place of business at the 7135 Centennial Place in Nashville, Tennessee.

35.     Defendants deny each and every allegation set forth in Paragraph 35 of the Complaint, except admit that New Horizons does business with Western.

36.     Defendants deny each and every allegation set forth in Paragraph 36 of the Complaint, except admit that New Horizons leases trucks to independent contractor individuals and entities who contract with Western in connection with the transportation of freight.

37.     Defendants deny each and every allegation set forth in Paragraph 37 of the Complaint.

38.     Defendants deny each and every allegation set forth in Paragraph 38 of the Complaint, except admit that the two entities share some overlap in officers and directors.

6

39.     Defendants deny each and every allegation set forth in Paragraph 39 of the Complaint.

40.     Defendants deny each and every allegation set forth in Paragraph 40 of the Complaint.

41.     Western admits the allegation set forth in Paragraph 41 of the Complaint as to Western and denies any remaining allegations. New Horizons denies this allegation as to New Horizon.

42.     Western admits that it has individually grossed more than $500,000 in each of the last three calendar years and New Horizons admits that it has individually grossed more than $500,000 in each of the last three calendar years. Western and New Horizons deny that any amounts they grossed were done so collectively.

43.     Western admits that it is engaged in interstate commerce, but denies that the Complaint states a claim under the Fair Labor Standards Act. New Horizons admits that it is engaged in interstate commerce but denies that the Complaint states a claim under the Fair Labor Standards Act.

44.     Defendants deny each and every allegation set forth in Paragraph 44 of the Complaint.

45.     Defendants deny each and every allegation set forth in Paragraph 45 of the Complaint.

## FACTUAL BACKGROUND

46.     Defendants deny each and every allegation set forth in Paragraph 46 of the Complaint and also deny each and every allegation set forth in heading A. above Paragraph 46.

7

47.     Defendants deny each and every allegation set forth in Paragraph 47 of the Complaint.

48.     Defendants deny each and every allegation set forth in Paragraph 48 of the Complaint.

49.     Defendants deny each and every allegation set forth in Paragraph 49 of the Complaint.

50.     Defendants deny each and every allegation set forth in Paragraph 50 of the Complaint.

51.     Defendants deny each and every allegation set forth in Paragraph 51 of the Complaint.

52.     Defendants deny each and every allegation set forth in Paragraph 52 of the Complaint.

53.     Defendants deny each and every allegation set forth in Paragraph 53 of the Complaint.

54.     Defendants deny each and every allegation set forth in Paragraph 54 of the Complaint.

55.     Defendants deny each and every allegation set forth in Paragraph 55 of the Complaint.

56.     Defendants deny each and every allegation set forth in Paragraph 56 of the Complaint, and also deny each and every allegation set forth in heading B. above Paragraph 56.

57.     Defendants deny each and every allegation set forth in Paragraph 57 of the Complaint.

58.     Defendants deny each and every allegation set forth in Paragraph 58 of the Complaint.

59.     Defendants deny each and every allegation set forth in Paragraph 59 of the Complaint.

60.     Defendants deny each and every allegation set forth in Paragraph 60 of the Complaint.

61.     Defendants deny each and every allegation set forth in Paragraph 61 of the Complaint.

62.     Defendants deny each and every allegation set forth in Paragraph 62 of the Complaint.

63.     Defendants deny each and every allegation set forth in Paragraph 63 of the Complaint.

64.     Defendants admit Paragraph 64 of the Complaint as to the independent contractor contract and refer to that contract for the complete and accurate terms thereof.

65.     Defendants deny each and every allegation set forth in Paragraph 65 of the Complaint, and refer to the lease agreement itself for the complete and accurate terms thereof.

66.     Defendants deny each and every allegation set forth in Paragraph 66 of the Complaint.

67.     Defendants deny each and every allegation set forth in Paragraph 67 of the Complaint.

68.     Defendants deny each and every allegation set forth in Paragraph 68 of the Complaint.

69.     Defendants deny each and every allegation set forth in Paragraph 69 of the Complaint.

70.     Defendants deny each and every allegation set forth in Paragraph 70 of the Complaint.

71.     Defendants deny each and every allegation set forth in Paragraph 71 of the Complaint.

72.     Defendants deny each and every allegation set forth in Paragraph 72 of the Complaint and also deny each and every allegation set forth in heading C. above Paragraph 72.

73.     Defendants deny each and every allegation set forth in Paragraph 73 of the Complaint.

74.     Defendants deny each and every allegation set forth in Paragraph 74 of the Complaint.

75.     Defendants deny each and every allegation set forth in Paragraph 75 of the Complaint.

76.     Defendants deny each and every allegation set forth in Paragraph 76 of the Complaint.

77.     Defendants deny each and every allegation set forth in Paragraph 77 of the Complaint.

78.     Defendants deny each and every allegation set forth in Paragraph 78 of the Complaint.

79.     Defendants deny each and every allegation set forth in Paragraph 79 of the Complaint.

80.     Defendants deny each and every allegation set forth in Paragraph 80 of the Complaint.

81.     Defendants deny each and every allegation set forth in Paragraph 81 of the Complaint.

82.     Defendants deny each and every allegation set forth in Paragraph 82 of the Complaint.

83.     Defendants deny each and every allegation set forth in Paragraph 83 of the Complaint.

84.     Defendants deny each and every allegation set forth in Paragraph 84 of the Complaint.

85.     Defendants deny each and every allegation set forth in Paragraph 85 of the Complaint.

86.     Defendants deny each and every allegation set forth in Paragraph 86 of the Complaint.

87.     Defendants deny each and every allegation set forth in Paragraph 87 of the Complaint.

88.     Defendants deny each and every allegation set forth in Paragraph 88 of the Complaint and also deny each and every allegation set forth in heading D. above Paragraph 88.

89.     Defendants deny each and every allegation set forth in Paragraph 89 of the Complaint.

90.     Defendants deny each and every allegation set forth in Paragraph 90 of the Complaint.

91.     Defendants deny each and every allegation set forth in Paragraph 91 of the Complaint and also deny each and every allegation set forth in heading E. above Paragraph 91.

92.     Defendants deny each and every allegation set forth in Paragraph 92 of the Complaint, and refer to the lease agreement for the complete and accurate terms thereof.

93.     Defendants deny each and every allegation set forth in Paragraph 93 of the Complaint.

94.     Defendants deny each and every allegation set forth in Paragraph 94 of the Complaint.

95.     Defendants deny each and every allegation set forth in Paragraph 95 of the Complaint.

96.     Defendants deny each and every allegation set forth in Paragraph 96 of the Complaint.

97.     Defendants deny each and every allegation set forth in Paragraph 97 of the Complaint.

98.     Defendants deny each and every allegation set forth in Paragraph 98 of the Complaint.

99.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 99 of the Complaint and therefore deny those allegations, except admit that Plaintiff Elmy began working for Western in approximately May of 2011 as an employee driver and worked with Western for approximately eight months. Defendants also deny each and every allegation set forth in heading F. above Paragraph 99.

100.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 100 of the Complaint and therefore deny those allegations.

101.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 101 of the Complaint and therefore deny those allegations, except admit that Plaintiff Elmy was sent a bus ticket to Nashville, Tennessee for Western's Owner Operator program.

102.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 102 of the Complaint and therefore deny those allegations.

103.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 103 of the Complaint and therefore deny those allegations.

104.     Defendants deny each and every allegation set forth in Paragraph 104 of the Complaint.

105.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 105 of the Complaint and therefore deny those allegations.

106.     Defendants deny each and every allegation set forth in Paragraph 106 of the Complaint, except admit that Plaintiff Elmy signed a lease agreement with New Horizons and a separate contract with Western to be an independent contractor driver on or about February of 2016.

13

107.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 107 of the Complaint and therefore deny those allegations.

108.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 108 of the Complaint and therefore deny those allegations.

109.     Defendants deny each and every allegation set forth in Paragraph 109 of the Complaint.

110.     Defendants deny each and every allegation set forth in Paragraph 110 of the Complaint.

111.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 111 of the Complaint and therefore deny those allegations.

112.     Defendants deny each and every allegation set forth in Paragraph 112 of the Complaint.

113.     Defendants deny each and every allegation set forth in Paragraph 113 of the Complaint.

114.     Defendants deny each and every allegation set forth in Paragraph 114 of the Complaint.

115.     Defendants deny each and every allegation set forth in Paragraph 115 of the Complaint.

116.     Defendants deny each and every allegation set forth in Paragraph 116 of the Complaint and also deny each and every allegation set forth in heading G. above Paragraph 116.

14

117.     Defendants deny each and every allegation set forth in Paragraph 117 of the Complaint.

118.     Defendants deny each and every allegation set forth in Paragraph 118 of the Complaint.

119.     Defendants deny each and every allegation set forth in Paragraph 119 of the Complaint.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (FEDERAL FAIR LABOR STANDARDS ACT)

120.     Defendants incorporate their answers and responses to the preceding paragraphs numbered 1-119 of the Complaint as if fully set forth herein.

121.     Defendants deny each and every allegation set forth in Paragraph 121 of the Complaint.

122.     Defendants deny each and every allegation set forth in Paragraph 122 of the Complaint.

123.     Defendants deny each and every allegation set forth in Paragraph 123 of the Complaint.

### SECOND CAUSE OF ACTION
### (TENNESSEE COMMON LAW FRAUD)

124.     Defendants incorporate their answers and responses to the preceding paragraphs numbered 1-123 of the Complaint as if fully set forth herein.

125.     Concurrent herewith Defendants have filed a separate Partial Motion to Dismiss with respect to several of the allegations in the Complaint, including those described in Paragraph 125 of the Complaint, and therefore, no further answer or other response is necessary

15

as to such claims and allegations at this time. To the extent an answer or response is necessary, Defendants deny each and every allegation set forth in Paragraph 125 of the Complaint.

126.    Concurrent herewith Defendants have filed a separate Partial Motion to Dismiss with respect to several of the allegations in the Complaint, including those described in Paragraph 126 of the Complaint, and therefore, no further answer or other response is necessary as to such claims and allegations at this time. To the extent an answer or response is necessary, Defendants deny each and every allegation set forth in Paragraph 126 of the Complaint.

127.    Concurrent herewith Defendants have filed a separate Partial Motion to Dismiss with respect to several of the allegations in the Complaint, including those described in Paragraph 127 of the Complaint, and therefore, no further answer or other response is necessary as to such claims and allegations at this time. To the extent an answer or response is necessary, Defendants deny each and every allegation set forth in Paragraph 127 of the Complaint.

**THIRD CAUSE OF ACTION**
**(TENNESSEE COMMON LAW NEGLIGENT MISREPRESENTATION)**

128.    Defendants incorporate their answers and responses to the preceding paragraphs numbered 1-127 of the Complaint as if fully set forth herein.

129.    Concurrent herewith Defendants have filed a separate Partial Motion to Dismiss with respect to several of the allegations in the Complaint, including those described in Paragraph 129 of the Complaint, and therefore, no further answer or other response is necessary as to such claims and allegations at this time. To the extent an answer or response is necessary, Defendants deny each and every allegation set forth in Paragraph 129 of the Complaint.

130.    Concurrent herewith Defendants have filed a separate Partial Motion to Dismiss with respect to several of the allegations in the Complaint, including those described in Paragraph 130 of the Complaint, and therefore, no further answer or other response is necessary

as to such claims and allegations at this time. To the extent an answer or response is necessary, Defendants deny each and every allegation set forth in Paragraph 130 of the Complaint.

131.    Concurrent herewith Defendants have filed a separate Partial Motion to Dismiss with respect to several of the allegations in the Complaint, including those described in Paragraph 131 of the Complaint, and therefore, no further answer or other response is necessary as to such claims and allegations at this time. To the extent an answer or response is necessary, Defendants deny each and every allegation set forth in Paragraph 131 of the Complaint.

**FOURTH CAUSE OF ACTION**
**(TENNESSEE UNIFORM COMMERCIAL CODE**
**LEASE AND CONTRACT UNCONSCIONABILITY)**

132.    Defendants incorporate their answers and responses to the preceding paragraphs numbered 1-131 of the Complaint as if fully set forth herein.

133.    Concurrent herewith Defendants have filed a separate Partial Motion to Dismiss with respect to several of the allegations in the Complaint, including those described in Paragraph 133 of the Complaint, and therefore, no further answer or other response is necessary as to such claims and allegations at this time. To the extent an answer or response is necessary, Defendants deny each and every allegation set forth in Paragraph 133 of the Complaint.

134.    Concurrent herewith Defendants have filed a separate Partial Motion to Dismiss with respect to several of the allegations in the Complaint, including those described in Paragraph 134 of the Complaint, and therefore, no further answer or other response is necessary as to such claims and allegations at this time. To the extent an answer or response is necessary, Defendants deny each and every allegation set forth in Paragraph 134 of the Complaint.

135.    Concurrent herewith Defendants have filed a separate Partial Motion to Dismiss with respect to several of the allegations in the Complaint, including those described in

17

Paragraph 135 of the Complaint, and therefore, no further answer or other response is necessary as to such claims and allegations at this time. To the extent an answer or response is necessary, Defendants deny each and every allegation set forth in Paragraph 135 of the Complaint.

## FIFTH CAUSE OF ACTION
## (TENNESSEE COMMON LAW UNJUST ENRICHMENT)

136. Defendants incorporate their answers and responses to the preceding paragraphs numbered 1-135 of the Complaint as if fully set forth herein.

137. Concurrent herewith Defendants have filed a separate Partial Motion to Dismiss with respect to several of the allegations in the Complaint, including those described in Paragraph 137 of the Complaint, and therefore, no further answer or other response is necessary as to such claims and allegations at this time. To the extent an answer or response is necessary, Defendants deny each and every allegation set forth in Paragraph 137 of the Complaint.

138. Concurrent herewith Defendants have filed a separate Partial Motion to Dismiss with respect to several of the allegations in the Complaint, including those described in Paragraph 138 of the Complaint, and therefore, no further answer or other response is necessary as to such claims and allegations at this time. To the extent an answer or response is necessary, Defendants deny each and every allegation set forth in Paragraph 138 of the Complaint.

139. Concurrent herewith Defendants have filed a separate Partial Motion to Dismiss with respect to several of the allegations in the Complaint, including those described in Paragraph 139 of the Complaint, and therefore, no further answer or other response is necessary as to such claims and allegations at this time. To the extent an answer or response is necessary, Defendants deny each and every allegation set forth in Paragraph 139 of the Complaint.

## SIXTH CAUSE OF ACTION
## (FEDERAL FORCED LABOR)

18

140.    Defendants incorporate their answers and responses to the preceding paragraphs numbered 1-139 of the Complaint as if fully set forth herein.

141.    Concurrent herewith Defendants have filed a separate Partial Motion to Dismiss with respect to several of the allegations in the Complaint, including those described in Paragraph 141 of the Complaint, and therefore, no further answer or other response is necessary as to such claims and allegations at this time. To the extent an answer or response is necessary, Defendants deny each and every allegation set forth in Paragraph 141 of the Complaint.

142.    Concurrent herewith Defendants have filed a separate Partial Motion to Dismiss with respect to several of the allegations in the Complaint, including those described in Paragraph 142 of the Complaint, and therefore, no further answer or other response is necessary as to such claims and allegations at this time. To the extent an answer or response is necessary, Defendants deny each and every allegation set forth in Paragraph 142 of the Complaint.

143.    Concurrent herewith Defendants have filed a separate Partial Motion to Dismiss with respect to several of the allegations in the Complaint, including those described in Paragraph 143 of the Complaint, and therefore, no further answer or other response is necessary as to such claims and allegations at this time. To the extent an answer or response is necessary, Defendants deny each and every allegation set forth in Paragraph 143 of the Complaint.

144.    Concurrent herewith Defendants have filed a separate Partial Motion to Dismiss with respect to several of the allegations in the Complaint, including those described in Paragraph 144 of the Complaint, and therefore, no further answer or other response is necessary as to such claims and allegations at this time. To the extent an answer or response is necessary, Defendants deny each and every allegation set forth in Paragraph 144 of the Complaint.

**SEVENTH CAUSE OF ACTION**
**(TENNESSEE INVOLUNTARY LABOR SERVITUDE)**

145.    Defendants incorporate their answers and responses to the preceding paragraphs numbered 1-144 of the Complaint as if fully set forth herein.

146.    Concurrent herewith Defendants have filed a separate Partial Motion to Dismiss with respect to several of the allegations in the Complaint, including those described in Paragraph 146 of the Complaint, and therefore, no further answer or other response is necessary as to such claims and allegations at this time. To the extent an answer or response is necessary, Defendants deny each and every allegation set forth in Paragraph 146 of the Complaint.

147.    Concurrent herewith Defendants have filed a separate Partial Motion to Dismiss with respect to several of the allegations in the Complaint, including those described in Paragraph 147 of the Complaint, and therefore, no further answer or other response is necessary as to such claims and allegations at this time. To the extent an answer or response is necessary, Defendants deny each and every allegation set forth in Paragraph 147 of the Complaint.

148.    Concurrent herewith Defendants have filed a separate Partial Motion to Dismiss with respect to several of the allegations in the Complaint, including those described in Paragraph 148 of the Complaint, and therefore, no further answer or other response is necessary as to such claims and allegations at this time. To the extent an answer or response is necessary, Defendants deny each and every allegation set forth in Paragraph 148 of the Complaint.

149.    Concurrent herewith Defendants have filed a separate Partial Motion to Dismiss with respect to several of the allegations in the Complaint, including those described in Paragraph 149 of the Complaint, and therefore, no further answer or other response is necessary as to such claims and allegations at this time. To the extent an answer or response is necessary, Defendants deny each and every allegation set forth in Paragraph 149 of the Complaint.

150.    Any and all allegations contained in the Complaint which have not been previously specifically admitted or denied, are hereby denied.

151.    Defendants deny that Plaintiff, or any allegedly similarly situated individual, or any purported class or collective action member, are entitled to any of the relief prayed for in the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

### First Defense

1.    The activities for which Plaintiff alleges he and the putative class were not properly compensated do not constitute compensable work under the FLSA and/or any other claimed state or federal law. Western properly classified and treated Plaintiff and the putative class as independent contractors and, as such, the FLSA does not apply to Plaintiff or the putative class.

### Second Defense

2.    Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Third Defense

3.    Neither Plaintiff nor any of the alleged class members provided services for, entered into a service as an independent contractor with, or were in any form employed or retained by New Horizons and, therefore, Plaintiff's Complaint fails to state a claim for which relief can be granted as to New Horizons.

### Fourth Defense

4.    Plaintiff and the putative class are properly classified as independent contractors and therefore the FLSA does not apply. If the FLSA is found to apply to Plaintiff's claims, at all times relevant to Plaintiff's Complaint, Defendants acted in good faith in attempting to comply

with their obligations under the FLSA. Accordingly, liquidated damages are not available or warranted under the provisions of the FLSA.

## Fifth Defense

5.      Plaintiff and the putative class are properly classified as independent contractors and therefore the FLSA does not apply. If the FLSA is found to apply, any purported violation of the FLSA by Defendants—which Defendants deny in its entirety—was not willful, and therefore all claims are limited by a two-year limitations period. Accordingly, the relevant time period in this case should run two (2) years back from August 25, 2017 to August 25, 2015 and any alleged claims for the period prior to August 25, 2015 are time-barred.

## Sixth Defense

6.      To the extent applicable, Plaintiff's claims and members of the purported class and/or collective action are precluded by their own actions and therefore barred by the equitable doctrines of waiver, estoppel, unclean hands, and/or laches.

## Seventh Defense

7.      Even assuming, arguendo, that Plaintiff's Complaint is partially correct, Plaintiff and members of the purported class and/or collective action seek compensation for time that is de minimus.

## Eighth Defense

8.      Plaintiff and the putative class he purports to represent were paid all payments which were due and owing, and to which they were entitled under the FLSA and Tennessee state law.

## Ninth Defense

9.      Plaintiff and members of the purported class and/or collective action are not similarly situated. As a result, the potential claims of the purported class and/or collective action members would differ and/or vary greatly and on a case-by-case basis, thus requiring the Court to engage in numerous individualized determinations if the class and/or collective action were certified.

## Tenth Defense

10.     The class action portion of the Complaint seeking class-wide relief must be dismissed, as Plaintiff cannot satisfy the requirements for maintenance of a class action under Fed. R. Civ. P. 23.

## Eleventh Defense

11.     Because Plaintiff and each purported class and/or collective action member was or is an independent contractor, signed a separate independent contractor contract, signed a separate lease agreement, and maintained their own separate and distinct business relationships, Plaintiff is not representative of the purported class and/or collective action and the case cannot proceed as a class or collective action.

## Twelfth Defense

12.     The collective action portion of the Complaint seeking class-wide relief must be dismissed, as Plaintiff cannot satisfy the requirements for maintenance of a collective action under Section 216 of the FLSA, or otherwise.

## Thirteenth Defense

13.     Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

## Fourteenth Defense

14. Plaintiff's alleged damages were not proximately caused by any unlawful policy, custom, practice, and/or procedure promulgated and/or undertaken by Defendants.

**Fifteenth Defense**

15. Although Defendants deny that Plaintiff and members of the purported class and/or collective action are entitled to any relief, Defendants assert that any claimed damages arose as a result of their own actions, or failures to act, and they have failed to mitigate their alleged damages. To the extent that Plaintiff and members of the purported class and/or collective action have mitigated their damages, they may not recover for any alleged damages so mitigated.

**Sixteenth Defense**

16. Plaintiff's Complaint does not describe some or all of the claims asserted against Defendants with sufficient particularity to enable Defendants to determine all of the defenses and/or claims available to Defendants in response to their action. Therefore, Defendants reserve the right to assert all defenses and/or claims which may be applicable to the claims alleged until such time as the precise nature of the various claims are ascertained and all facts are discovered.


**WHEREFORE** having fully answered, Defendants pray that this Court dismiss this action against Defendants with prejudice, and enter judgment in favor of Defendants with costs of suit and such other and further relief as the Court deems proper, including, but not limited to, attorneys' fees, costs, and expenses.

Dated: February 5, 2019

Respectfully submitted,

/s/ Mark E. Hunt_____
R. Eddie Wayland (No. 6045)
Mark E. Hunt (No. 10501)
Benjamin P. Lemly (No. 35225)
KING & BALLOW
315 Union Street
Suite 1100
Nashville, TN 37201
(615) 726-5430
rew@kingballow.com
mhunt@kingballow.com
blemly@kingballow.com
*Attorneys for Western Express, Inc.
and New Horizons Leasing, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a copy of the foregoing pleading was electronically filed with the Court

and electronically served on date reflected in the ECF system upon:


Mike Sweeney
Lesley Tse
Getman, Sweeney & Dunn, PLLC
260 Fair Street
Kingston, NY 12401
Phone: (845) 255-9370

Justin L. Swidler
SWARTZ SWIDLER LLC
1101 Kings Hwy N.
Suite 402
Cherry Hill, NJ 08034
Phone: (856) 685-7420

Charles Yezbak
Yezbak Law Offices
2002 Richard Jones Road
Suite B-200
Nashville, TN 37215


By:     /s/ Benjamin P. Lemly
        Benjamin P. Lemly