IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOHN ELMY, individually and on )
behalf of all others similarly situated )
persons, )
    Plaintiff, )
)
v. ) Civil No. 3:17-cv-1199
) Judge Campbell/Frensley
WESTERN EXPRESS, INC. ET AL., )
    Defendants. )

## ORDER

Pending before the Court is Plaintiff's Motion to File an Amended Complaint. Docket No. 140. He has filed a Memorandum of Law in support of the motion. Docket No. 142. Defendants have filed a Response in opposition. Docket No. 153. Plaintiff has filed a Reply. Docket No. 156. With leave of court, Defendants have filed a Sur-Reply. Docket No. 160. For the reasons stated herein, Plaintiff's motion is GRANTED.

## BACKGROUND

Plaintiff filed the Complaint in this matter on August 25, 2017. Docket No. 1. In response to the Complaint, Defendants filed a Motion to Compel Arbitration and Stay or Dismiss this Case on October 16, 2017. Docket No. 24. On March 2, 2018 Defendants filed a supplemental motion to stay pending the decision of the Supreme Court in *New Prime Inc. v. Oliveira*. Docket No. 61. On April 4, 2018, the Court entered an Order granting the Motion to Stay and denied the other pending motions without prejudice to refile after the Supreme Court issued an opinion in *New Prime*. Docket No. 73. On January 22, 2019, following the Supreme Court's decision in *New Prime*, this Court entered an Order lifting the stay. Docket No. 119. On February 5, 2019,

Defendants filed a partial motion to dismiss Plaintiff's collective and class complaint. Docket No. 127. On February 26, 2019, Plaintiff filed the instant motion for leave of court to file an Amended Complaint. Docket No. 140.

## STANDARD OF REVIEW

Motions to Amend are governed by Fed. R. Civ. P. 15, which provides in relevant part:

(a) Amendments Before Trial.

> (1) *Amending as a matter of course.* A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading . . . .
>
> (2) *Other amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Plaintiff cannot amend as a matter of course under Rule 15(a)(1)(A), because more than 21 days have passed since the service of the initial Complaint. Furthermore, Plaintiff cannot amend as a matter of course pursuant to Rule 15(a)(1)(B), because the Complaint he seeks to amend is a pleading to which a responsive pleading is required, and more than 21 days have passed since the service of Defendants' Answer. Defendants oppose the amendment of Plaintiff's Complaint, therefore, Plaintiff can amend only with leave of Court, pursuant to Rule 15(a)(2).

While leave to amend should be "freely given when justice so requires," it may be denied for a variety of reasons such as "undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ... or where the amendment is futile." *Forman v. Davis*, 371 U.S. 178; *Duchon v. Cajon Co.*, 791 F.2d 43 (6th Cir. 1986).

## ANALYSIS

Plaintiff seeks to amend his Complaint under Rule 15(a) of the Federal Rules of Civil Procedure to add additional facts to the claims asserted; reframe claims previously brought; withdraw a claim and add additional claims. Docket No. 140. Citing the liberal standard under Rule 15, Plaintiff notes that the amendment was sought prior to discovery being issued, deadlines being established, and trial being set in the matter. Docket No. 142. They argue that responding to a Motion to Dismiss by providing additional allegations by way of Amended Complaint is an accepted practice to cure any alleged deficiencies in the pleading and that given the posture of the case their request is timely and the Defendants would not be prejudiced by the amendment. *Id.*

In response, Defendants argue that Plaintiff's motion is untimely and would cause them undue burden and prejudice. Docket No. 153. Specifically, they argue that although discovery has not begun, "Defendants have engaged in initial informal investigations and substantial motion practice" and allowing the Plaintiff to amend the Complaint would unduly prejudice Defendants. *Id.* at p. 7. They argue that the allegations are not newly discovered, are remote in time and would be prejudicial because "facts and memories have faded or disappeared in the approximately eighteen months since the Complaint was filed and when these claims should have been properly raised." *Id.*

In reply, Plaintiff notes that while the case was filed in August 2017, the extent of the Defendants pleadings in the matter related to the Court's jurisdiction rather than substantive responses to the merits of the case. Docket No. 156. They note that prior to addressing the jurisdictional issue, the Court had stayed this matter. Defendants' answer and partial motion to dismiss was filed on February 6. 2019, with the motion to amend being filed on February 26, 2019. *Id.* Again, noting that the Sixth Circuit permits amendments to correct pleading deficiencies as a

matter of course and to the extent that discovery and other deadlines have not been established in the case, and the lack of prejudice to Defendants their motion for leave should be granted. *Id.*

With leave of Court, the Defendants filed a Sur-Reply in which they argue the proposed amendment attempts to "reverse and eliminate prior allegations in order to salvage a claim in the original complaint" and the new claims "represent approximately 12 pages of totally new material in a 40-page complaint." Docket No. 160, p. 3. They contend that the addition of such claims and allegations which were either in the possession of or known to the Plaintiff since well before the filing of the original complaint "is unduly prejudicial to Defendants." *Id.* They reiterate their argument that Plaintiff's amendments are untimely and Plaintiff has failed to provide any explanation for the delay in proposing the amendments. *Id.* at pp. 4-5.

Amending a Complaint in an attempt to cure alleged deficiencies in the original pleading after the filing of a motion to dismiss is certainly not an uncommon practice. This coupled with the well-established law that leave to amend a complaint should be freely given when justice so requires after a responsive pleading has been filed seems to resolve the issue on this case. Perhaps recognizing that leave to provide the opportunity to cure deficiencies in the pleading is appropriate the Defendants have focused their argument on the timeliness of Plaintiff's motion and alleged prejudice to them if the motion were to be granted.

**UNDUE DELAY IN FILING**

On its face, Plaintiff's motion for leave was filed more than a year after the original complaint was filed. However, this does not tell the entire story. First, there had been very little litigation surrounding the substantive aspects of Plaintiff's claims. Likewise, this case was stayed for a lengthy period of time which precluded Plaintiff from seeking leave to amend. Finally, Plaintiff's motion to amend was filed in a short period of time after the stay was lifted and the

4

Defendants filed their motion to dismiss. Given the other delays in this litigation, the Court cannot conclude that the delay in Plaintiff bringing the motion is "undue." Defendants' argument that Plaintiff must establish some compelling reason for the delay is unpersuasive. Both cases cited by Defendants in support of this proposition dealt with situations where the court had established deadlines which had passed when the motions were brought thereby requiring an analysis under Rule 16 of the Federal Rules of Civil Procedure before the court could consider the motions under Rule 15. Similarly, in the case of *Bourque v. Bank of America*, the Court had previously granted Plaintiff Leave to Amend even though it was untimely, and as here, there were motions to dismiss pending. Civil Action No. 3:17-cv-00281, Docket No. 46. For these reasons the Court does not believe the Plaintiff's motion should be denied on the basis of undue delay.

**PREJUDICE TO DEFENDANTS**

The Defendants' dual arguments regarding prejudice are equally unpersuasive. Defendants' litigation activities and "initial informal investigation" are not the equivalent of formal discovery activities and are impossible to measure. Similarly, while the motion practice related to arbitration, the motions to stay and the partial motion to dismiss are not insignificant; only the partial motion to dismiss is implicated by the motion to amend the complaint. Further, granting the motion to amend will not preclude consideration of any motion to dismiss but will merely assure that Plaintiff has asserted the claims he wishes to assert in this litigation for consideration by the Court. Finally, Defendants' argument that Plaintiff's allegations are more remote in time may result in witnesses being unavailable or having diminished memory of relevant events; while entirely possible, is not the type of prejudice which supports denying the motion to amend. These considerations are not unique to remote claims but are present in all litigation

5

regardless of the temporal proximity and breadth of the allegations therefore, this concern likewise does not overcome the liberal standard for amending pleadings.

For the reasons discussed herein, Plaintiff's Motion for Leave to Amend the Complaint pursuant to Fed. R. Civ. P. 15(a)(Docket No. 140) is GRANTED.

**IT IS SO ORDERED.**

**JEFFERY S. FRENSLEY**
**U. S. Magistrate Judge**