# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JOHN ELMY, individually and on behalf of all other similarly situated persons, | )<br>)<br>) |
| Plaintiff, | ) NO. 3:17-cv-01199 |
| v. | ) JUDGE CAMPBELL<br>) MAGISTRATE JUDGE FRENSLEY |
| WESTERN EXPRESS, INC., et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion to Conditionally Certify a Fair Labor Standards Act Collective Action and Authorize Notice to be Issued to the Class (Doc. No. 120). Defendants Western Express, Inc. and New Horizons Leasing, Inc. ("Defendants") filed a response in opposition (Doc. No. 133), and Plaintiff has replied. (Doc. No. 138). For the reasons discussed below, Plaintiff's Motion for Conditional Certification is **GRANTED**, and Plaintiff's Motion for Approval of the Notice and Consent Form will be taken under advisement, pending a meeting of the parties to attempt to agree upon such Notice and Consent Form.

### I. FACTUAL BACKGROUND

Plaintiff filed this action as a purported collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Defendant Western is a carrier engaged in the interstate shipment of freight. (Doc. No. 121 at 5; Doc. No. 162 at ¶ 34). Defendant New Horizons is a company that leases trucks to truckers. (Doc. No. 162 at ¶ 37-38). Plaintiff contends that he worked for Defendants as a long-haul truck driver in Tennessee and other states. (Doc. No. 162 at ¶¶ 3, 20). Plaintiff alleges Defendants misclassified him and other long-haul truck drivers as

independent contractors rather than employees and used this misclassification to shift expenses onto the drivers, which resulted in Defendants paying Plaintiff other drivers less than the federal minimum wage for each hour worked per week. (Doc. No. 121 at 3-4).

Plaintiff asks the Court to conditionally certify this action as a collective action under the FLSA, comprised of "all truckers who lease a truck from Defendant Horizons to drive for Defendant Western during the three years preceding the filing of the initial complaint and up through the date of final judgment herein and subject to any equitable tolling for any applicable portion of the limited time period." (Doc. No. 121 at 1-2). Plaintiff also asks the Court to approve his proposed Notice and proposed Consent Form. (*Id.*).

## II. STANDARD FOR CONDITIONAL CERTIFICATION

The FLSA provides that a collective action may be maintained against any employer by one or more employees for and on behalf of themselves and other employees similarly situated. 29 U.S.C. § 216(b). The FLSA does not define the term "similarly situated," but courts have held that plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs. *Bradford v. Logan's Roadhouse, Inc.*, 137 F. Supp. 3d 1064, 1071 (M. D. Tenn. 2015); *Watson v. Advanced Distribution Servs., LLC*, 298 F.R.D. 558, 561 (M.D. Tenn. 2014). Employees may also be similarly situated if their claims are merely "unified by common theories of the defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *Amos v. Lincoln Property Co.*, 2017 WL 2935834 at * 2 (M.D. Tenn. July 7, 2017).

Generally, courts recognize a two-step process to determine whether plaintiffs are similarly situated. *Bradford*, 137 F. Supp. 3d at 1071. The first step takes place at the beginning of discovery, where the plaintiff bears the burden of showing that employees in the purported class are similarly

2

situated. *Id*. The plaintiff must show only that her position is similar, not identical, to the positions held by the putative class members. *Id*. (citing *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006)). At this first stage, courts use a "fairly lenient standard" that typically results in conditional certification of a representative class. *Id*. Because the statute only requires that employees be "similarly situated," plaintiffs seeking to certify a collective action under the FLSA face a lower burden than those seeking to certify a class action under Fed. R. Civ. P. 23. *Potts v. Nashville Limo & Transport, LLC*, 2015 WL 4198793 at * 4 (M.D. Tenn. July 10, 2015).

At the first stage, the plaintiff must present substantial allegations supported by declarations; once the plaintiff has met that burden, a court, in its discretion, may conditionally certify the case as a collective action, regardless of what exemptions the defendant wishes to assert at a later time. *Medley v. Southern Health Partners, Inc.*, 2017 WL 3485641 at * 5 (M.D. Tenn. Aug. 15, 2017). If a court approves conditional certification, it may authorize the notification of similarly-situated employees to allow them to opt into the lawsuit. *Comer*, 454 F.3d at 546; *Bradford*, 137 F.Supp.3d at 1072. The certification at this stage is conditional and by no means final. *Bradford*, 137 F.Supp.3d at 1072. A court does not resolve factual disputes, decide substantive issues going to the merits, or make credibility determinations to determine whether a plaintiff has met his evidentiary burden at this first stage. *Id*.

### III. ANALYSIS

#### A. Conditional Certification

In support of the motion for conditional certification, Plaintiff filed, among other things, nine declarations from truck drivers who entered into a Contract with Defendant Western and a truck Lease with Defendant New Horizons as proof that he and other drivers suffered from the same FLSA violating policy. In the declarations, Plaintiff and the other truck drivers assert they

had been presented with the New Horizons Lease and Western "owner operator" contract at the same time as a package deal, classified as an independent contractor, required to pay for all costs and expenses related to insuring, operating, and maintaining the leased truck, required to follow Defendant Western's policy manuals and procedures for picking up and delivering loads, and were paid less than the federal minimum wage some weeks. (Doc. Nos. 39, 40, 41, 42, 43, 121-8, 121-9, 121-10, 121-11). At this stage in the proceedings, this modest factual showing is sufficient proof that Plaintiff and other truck drivers who entered into a Contract with Defendant Western and a truck Lease with Defendant New Horizons suffered from the same allegedly unlawful pay policy – a misclassification of "owner operator" truck drivers as independent contractors – which violates the FLSA with regard to all potential class members. Therefore, the Court finds Plaintiff has met the fairly lenient standard governing conditional certification.

Defendants oppose conditional certification by arguing that Plaintiff failed to meet his burden of showing that he and the putative class are similarly situated. (Doc No. 133 at 1-10). Defendants contend Plaintiff was paid a per-mile rate while other independent contract drivers were paid based on a percentage of gross revenue and argue this difference in compensation methods demonstrates Plaintiff is not similarly situated to those drivers paid based on a percentage of gross revenue. (Doc. No. 133 at 6-7). Additionally, Defendants rely on declarations filed by four Western contractor drivers to "demonstrate that independent contractors who drive for Western have unique and distinct business relationships with Western and have substantial autonomy and discretion to run their businesses differently from each other." (Doc. No. 133 at 1).

These merits arguments are not appropriate for consideration at this stage of the litigation. *Bradford*, 137 F. Supp. 3d at 1072; 1075-76; *White v. MPW Indus. Servs., Inc.*, 236 F.R.D. 363, 373 (E.D. Tenn. 2006) ("'[D]isparate factual and employment settings of the individual plaintiffs'

4

should be considered at the second stage of analysis."). Rather, at this stage, a court simply determines whether the plaintiff has made a modest factual showing that he and his potential class members "suffer from a single, FLSA-violating policy," and it grants conditional certification "when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *Bradford*, 137 F. Supp. 3d at 1071-72. As stated above, Plaintiff has met his burden. Accordingly, the Court will conditionally certify this matter on behalf of all individuals who leased a truck from Defendant Horizons to drive for Defendant Western, during the three years preceding August 2017 and through the date of final judgment in this matter.

### B. Notice and Consent Forms

Plaintiff asks the Court to approve his proposed Notice and Consent Forms, found at Docket No. 121-4, and to direct Defendants to provide the names, mailing addresses, employee numbers, and email addresses of all putative class members. (Doc. No. 121 at 15). Additionally, Plaintiff proposes sending a text advisory about the proposed Notice Form, found at Docket No. 121-5, and a follow-up postcard to all putative class members, found at Docket No. 121-6. (*Id.* at 16-22). Plaintiff asks the Court to direct Defendants to provide the phone numbers and the last four digits of social security numbers for putative class members whose notice is returned as undeliverable. (Doc. No. 121 at 18-19). Plaintiff also requests a 180-day opt-in period for putative class members to return their signed consent forms. (*Id.* at 21-22). Defendants "object to numerous aspects of Plaintiff's proposed notice" and contend Plaintiff's proposed notice dissemination plan should be rejected. (Doc. No. 133 at 11-25).

In light of its ruling, the Court orders the parties to meet and confer regarding a notice to the potential class members. The parties shall attempt to reach an agreement as to content and method of sending the proposed notice and shall file an agreed upon notice for approval with the

Court by May 30, 2019. If the parties cannot agree to a notice and method of sending the notice to prospective party plaintiffs, they shall file competing notice proposals by May 30, 2019. In the meantime, Plaintiff's request to approve the notice and consent forms will be taken under advisement.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE