IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

_____

| | | |
|---|---|---|
| JOHN ELMY, individually and on behalf of all other similarly situated persons,<br><br>        Plaintiff,<br><br>v.<br><br>WESTERN EXPRESS, INC., NEW HORIZONS LEASING, INC., and JOHN DOES 1-5,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.:  3:17-cv-01199<br>Judge Campbell<br>Magistrate Judge Frensley |

_____

### WESTERN EXPRESS, INC.'S ANSWER TO PLAINTIFF'S AMENDED COLLECTIVE AND CLASS ACTION AMENDED COMPLAINT

_____

Defendant Western Express, Inc. ("Western") hereby files its Answer to Plaintiff John Elmy's Amended Collective and Class Action Complaint ("Amended Complaint").

1.      No answer is necessary in response to Paragraph 1 of the Amended Complaint. To the extent a response is required, Western denies each and every allegation set forth in Paragraph 1 of the Amended Complaint, except admits that Plaintiff purports to bring an action and is the sole plaintiff in that action.

### INTRODUCTION

2.      Western denies each and every allegation set forth in Paragraph 2 of the Amended Complaint, except admits that Western is a private company engaged in moving freight across the continental United States.

3.     Western denies each and every allegation set forth in Paragraph 3, including subparagraphs a–g and footnote 1, of the Amended Complaint, except admits that Plaintiff John Elmy is an individual former truck driver who performed services as an independent contractor for Western.

4.     Western denies each and every allegation set forth in Paragraph 4 of the Amended Complaint, except admits that Plaintiff purports to bring an action as alleged.

5.     Western denies each and every allegation set forth in Paragraph 5 of the Amended Complaint, except admits that Plaintiff purports to bring an action as alleged.

6.     Western denies each and every allegation set forth in Paragraph 6 of the Amended Complaint, except admits that Plaintiff purports to bring an action as alleged.

7.     Western denies each and every allegation set forth in Paragraph 7 of the Amended Complaint, except admits that Plaintiff purports to bring an action as alleged.

8.     Western denies each and every allegation set forth in Paragraph 8 of the Amended Complaint, except admits that Plaintiff purports to bring an action as alleged.

9.     Western denies each and every allegation set forth in Paragraph 9 of the Amended Complaint, except admits that Plaintiff purports to bring an action as alleged.

10.     Western denies each and every allegation set forth in Paragraph 10 of the Amended Complaint, except admits that Plaintiff purports to bring an action as alleged.

## JURISDICTION AND VENUE

11.     Western denies each and every allegation set forth in Paragraph 11 of the Amended Complaint, except admits that 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA") confers jurisdiction upon this Court under 28 U.S.C. § 1331, and specifically denies that the Amended Complaint states a claim under the FLSA against Western.

12. Western denies each and every allegation set forth in Paragraph 12 of the Amended Complaint.

13. Western denies each and every allegation set forth in Paragraph 13 of the Amended Complaint.

14. Western is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Amended Complaint and therefore denies those allegations.

15. Western is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Amended Complaint and therefore denies those allegations.

16. Western is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Amended Complaint and therefore denies those allegations.

17. Western denies each and every allegation set forth in Paragraph 17 of the Amended Complaint, except admits that Western is incorporated and maintains its headquarters in Tennessee.

18. Western admits Paragraph 18 of the Amended Complaint, and would state that the independent contractor drivers have the discretion to determine where and when repairs and maintenance will be performed on the truck and where the truck will be parked.

19. Western admits Paragraph 19 of the Amended Complaint.

**PARTIES**

20. Western denies each and every allegation set forth in Paragraph 20 of the Amended Complaint and specifically denies the allegation that Plaintiff was an employee of Western as a

3

matter of law or otherwise. Plaintiff was an independent contractor truck driver for Western from approximately February 2016 until the contract with Western was terminated in February 2017. Western is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Amended Complaint that Plaintiff is a natural person residing in Martinez, Georgia and therefore denies those allegations.

21.     Western admits Plaintiff was engaged in interstate commerce as an independent contractor with Western.

22.     Western denies each and every allegation set forth in Paragraph 22 of the Amended Complaint, except admits that Plaintiff purports to bring an action as alleged.

23.     Concurrent herewith Western has filed a separate Partial Motion to Dismiss with respect to several of the allegations in the Amended Complaint, including several of those described in Paragraph 23 of the Amended Complaint involving the so called "nationwide class" pursuant to Fed. R. Civ. P. 23, and therefore, no further answer or other response is necessary as to such claims and allegations at this time. To the extent an answer or response is necessary, Western denies each and every allegation set forth in Paragraph 23 of the Amended Complaint.

24.     Western denies each and every allegation set forth in Paragraph 24 of the Amended Complaint, except admits that Plaintiff purports to bring an action as alleged. Western specifically denies that the alleged class of persons should encompass individuals up through the date of final judgment as alleged.

25.     Western admits Paragraph 25 of the Amended Complaint.

26.     Concurrent herewith Western has filed a separate Partial Motion to Dismiss with respect to several of the allegations in the Amended Complaint, including several of those described in Paragraph 26 of the Amended Complaint involving the so called "Rule 23 Class"

pursuant to Fed. R. Civ. P. 23, and therefore, no further answer or other response is necessary as to such claims and allegations at this time. To the extent an answer or response is necessary, Western denies each and every allegation set forth in Paragraph 26, including subparagraphs a–m, of the Amended Complaint.

27. Concurrent herewith Western has filed a separate Partial Motion to Dismiss with respect to several of the allegations in the Amended Complaint, including several of those described in Paragraph 27 of the Amended Complaint involving the so called "Rule 23 Class" pursuant to Fed. R. Civ. P. 23, and therefore, no further answer or other response is necessary as to such claims and allegations at this time. To the extent an answer or response is necessary, Western denies each and every allegation set forth in Paragraph 27, including subparagraphs a–f, of the Amended Complaint.

28. Western denies each and every allegation set forth in Paragraph 28 of the Amended Complaint.

29. Concurrent herewith Western has filed a separate Partial Motion to Dismiss with respect to several of the allegations in the Amended Complaint, including several of those described in Paragraph 29 of the Amended Complaint involving the so called "Rule 23 Class" pursuant to Fed. R. Civ. P. 23, and therefore, no further answer or other response is necessary as to such claims and allegations at this time. To the extent an answer or response is necessary, Western denies each and every allegation set forth in Paragraph 29, including subparagraphs g–k, of the Amended Complaint.

30. Western is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Amended Complaint and therefore denies those allegations.

5

31.     Western denies each and every allegation set forth in Paragraph 31 of the Amended Complaint.

32.     Western admits the allegations contained in Paragraph 32 of the Amended Complaint.

33.     Western denies each and every allegation set forth in Paragraph 33 of the Amended Complaint, except admits that Western is headquartered in Nashville, Tennessee at 7135 Centennial Place.

34.     Western admits that it is a motor carrier engaged in the transportation of freight in interstate commerce, but denies that it is engaged in the shipment of freight.

35.     Western admits the allegations contained in Paragraph 35 of the Amended Complaint.

36.     Western admits that both Western and New Horizons Leasing, Inc. ("New Horizons") have offices at 7135 Centennial Place, Nashville, TN 37209.

37.     Western denies each and every allegation set forth in Paragraph 37 of the Amended Complaint, except admits that the two separate companies are related and that individuals who lease trucks from New Horizons generally may also drive for Western as independent contractors.

38.     Western is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of the Amended Complaint and therefore denies those allegations.

39.     Western denies each and every allegation set forth in Paragraph 39 of the Amended Complaint, except admits that Paul Wieck and Richard Prickett each have an ownership interest in Western.

6

40.     Western denies each and every allegation set forth in Paragraph 40 of the Amended Complaint, except admits that the two separate entities have some overlap in officers and directors.

41.     Western denies each and every allegation set forth in Paragraph 41 of the Amended Complaint.

42.     Western denies each and every allegation set forth in Paragraph 42 of the Amended Complaint.

43.     Western admits that Western conducts business throughout the country and is without knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 43 of the Amended Complaint and therefore denies those allegations.

44.     Western admits that Western has individually grossed more than $500,000 in each of the last three calendar years and is without knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 44 of the Amended Complaint and therefore denies those allegations.

45.     Western admits that it is engaged in interstate commerce, but Western specifically denies that the Amended Complaint states a claim under the Fair Labor Standards Act.  Western is without knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 45 of the Amended Complaint and therefore denies those allegations.

46.     Western denies each and every allegation set forth in Paragraph 46 of the Amended Complaint.

47.     Western denies each and every allegation set forth in Paragraph 47 of the Amended Complaint.

## FACTUAL BACKGROUND

48. Western denies each and every allegation set forth in Paragraph 48 of the Amended Complaint and also denies each and every allegation set forth in heading A. above Paragraph 48.

49. Western denies each and every allegation set forth in Paragraph 49 of the Amended Complaint.

50. Western denies each and every allegation set forth in Paragraph 50 of the Amended Complaint.

51. Western denies each and every allegation set forth in Paragraph 51 of the Amended Complaint.

52. Western denies each and every allegation set forth in Paragraph 52 of the Amended Complaint.

53. Western denies each and every allegation set forth in Paragraph 53 of the Amended Complaint.

54. Western denies each and every allegation set forth in Paragraph 54 of the Amended Complaint, and further refers to the specific referenced documents for the complete terms thereof.

55. Western denies each and every allegation set forth in Paragraph 55 of the Amended Complaint.

56. Western denies each and every allegation set forth in Paragraph 56 of the Amended Complaint.

57. Western denies each and every allegation set forth in Paragraph 57 of the Amended Complaint, except admits that drivers can take home time whenever they want.

58. Western denies each and every allegation set forth in Paragraph 58 of the Amended Complaint.

59.     Western denies each and every allegation set forth in Paragraph 59 of the Amended Complaint.

60.     Western denies each and every allegation set forth in Paragraph 60 of the Amended Complaint.

61.     Western denies each and every allegation set forth in Paragraph 61 of the Amended Complaint.

62.     Western denies each and every allegation set forth in Paragraph 62 of the Amended Complaint.

63.     Western denies each and every allegation set forth in Paragraph 63 of the Amended Complaint.

64.     Western denies each and every allegation set forth in Paragraph 64 of the Amended Complaint.

65.     Western denies each and every allegation set forth in Paragraph 65 of the Amended Complaint.

66.     Western denies each and every allegation set forth in Paragraph 66 of the Amended Complaint, and also denies each and every allegation set forth in heading B. above Paragraph 66.

67.     Western denies each and every allegation set forth in Paragraph 67 of the Amended Complaint.

68.     Western denies each and every allegation set forth in Paragraph 68 of the Amended Complaint.

69.     Western denies each and every allegation set forth in Paragraph 69 of the Amended Complaint.

70.     Western denies each and every allegation set forth in Paragraph 70 of the Amended Complaint.

71.     Western denies each and every allegation set forth in Paragraph 71 of the Amended Complaint.

72.     Western denies each and every allegation set forth in Paragraph 72 of the Amended Complaint.

73.     Western denies each and every allegation set forth in Paragraph 73 of the Amended Complaint.

74.     Western denies each and every allegation set forth in Paragraph 74 of the Amended Complaint.

75.     Western denies each and every allegation set forth in Paragraph 75 of the Amended Complaint.

76.     Western denies each and every allegation set forth in Paragraph 76 of the Amended Complaint.

77.     Western is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 77 of the Amended Complaint and therefore denies those allegations.

78.     Western denies each and every allegation set forth in Paragraph 78 of the Amended Complaint.

79.     Western denies each and every allegation set forth in Paragraph 79 of the Amended Complaint.

80.     Western denies each and every allegation set forth in Paragraph 80 of the Amended Complaint.

81.     Western denies each and every allegation set forth in Paragraph 81 of the Amended Complaint.

82.     Western denies each and every allegation set forth in Paragraph 82 of the Amended Complaint and also denies each and every allegation set forth in heading C. above Paragraph 82.

83.     Western denies each and every allegation set forth in Paragraph 83 of the Amended Complaint.

84.     Western denies each and every allegation set forth in Paragraph 84 of the Amended Complaint.

85.     Western denies each and every allegation set forth in Paragraph 85 of the Amended Complaint.

86.     Western denies each and every allegation set forth in Paragraph 86 of the Amended Complaint.

87.     Western denies each and every allegation set forth in Paragraph 87 of the Amended Complaint.

88.     Western denies each and every allegation set forth in Paragraph 88 of the Amended Complaint.

89.     Western denies each and every allegation set forth in Paragraph 89 of the Amended Complaint.

90.     Western denies each and every allegation set forth in Paragraph 90 of the Amended Complaint.

91.     Western denies each and every allegation set forth in Paragraph 91 of the Amended Complaint.

92.     Western denies each and every allegation set forth in Paragraph 92 of the Amended Complaint.

93.     Western denies each and every allegation set forth in Paragraph 93 of the Amended Complaint.

94.     Western denies each and every allegation set forth in Paragraph 94 of the Amended Complaint.

95.     Western denies each and every allegation set forth in Paragraph 95 of the Amended Complaint.

96.     Western denies each and every allegation set forth in Paragraph 96 of the Amended Complaint.

97.     Western denies each and every allegation set forth in Paragraph 97 of the Amended Complaint.

98.     Western denies each and every allegation set forth in Paragraph 98 of the Amended Complaint and also denies each and every allegation set forth in heading D. above Paragraph 98.

99.     Western denies each and every allegation set forth in Paragraph 99 of the Amended Complaint.

100.    Western denies each and every allegation set forth in Paragraph 100 of the Amended Complaint.

101.    Western denies each and every allegation set forth in Paragraph 101 of the Amended Complaint and also denies each and every allegation set forth in heading E. above Paragraph 101.

12

102.     Western is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 102 of the Amended Complaint and therefore denies those allegations.

103.     Western denies each and every allegation set forth in Paragraph 103 of the Amended Complaint.

104.     Western denies each and every allegation set forth in Paragraph 104 of the Amended Complaint.

105.     Western denies each and every allegation set forth in Paragraph 105 of the Amended Complaint.

106.     Western denies each and every allegation set forth in Paragraph 106 of the Amended Complaint.

107.     Western denies each and every allegation set forth in Paragraph 107 of the Amended Complaint.

108.     Western denies each and every allegation set forth in Paragraph 108 of the Amended Complaint.

109.     Western incorporates its answers and responses to the foregoing paragraphs as if set forth in their entirety and also denies each and every allegation set forth in heading F. above Paragraph 109.

110.     Western denies each and every allegation set forth in Paragraph 110 of the Amended Complaint.

111.     Western refers and cites to 49 C.F.R. §376.12(a) for a complete and accurate recitation of the requirements of that regulation and denies all allegations in Paragraph 111 which are contrary to that regulation.

112.    Western denies each and every allegation set forth in Paragraph 112 of the Amended Complaint.

113.    Western denies each and every allegation set forth in Paragraph 113, including subparagraphs a-q, of the Amended Complaint. Western further denies that Exhibit A was attached to the Amended Complaint.

114.    Western denies each and every allegation set forth in Paragraph 114, including subparagraphs a and b, of the Amended Complaint.

115.    Western is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 115, including subparagraphs a-d, of the Amended Complaint and therefore denies those allegations.

116.    Western denies each and every allegation set forth in Paragraph 116 of the Amended Complaint.

117.    Western refers to the Contract Hauling Agreement Plaintiff signed with Western for the complete and accurate terms thereof and denies any allegations in Paragraph 117 which are contrary to such terms. Western further denies each and every allegation set forth in heading G. above Paragraph 117 and denies that Exhibit A was attached to the Amended Complaint.

118.    Western denies each and every allegation set forth in Paragraph 118 of the Amended Complaint.

119.    Western is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 119, including subparagraphs a-c, of the Amended Complaint in that the referenced Exhibit B is not attached to the Amended Complaint and therefore denies those allegations and Western refers and cites to the settlement statement itself for a

14

complete and accurate recitation of the terms thereof and denies any allegations in Paragraph 119 which are contrary to the terms of that settlement statement.

120.    Western is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 120 of the Amended Complaint in that the referenced Exhibit B is not attached to the Amended Complaint and therefore denies those allegations and Western refers and cites to the settlement statement itself for a complete and accurate recitation of the terms thereof and denies any allegations in Paragraph 120 which are contrary to the terms of that settlement statement.

121.    Western denies each and every allegation set forth in Paragraph 121 of the Amended Complaint.

122.    Western denies each and every allegation set forth in Paragraph 122 of the Amended Complaint.

123.    Western denies each and every allegation set forth in Paragraph 123 of the Amended Complaint.

124.    Western is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 124 of the Amended Complaint and therefore denies those allegations, except admits that Plaintiff began working for Western in approximately May of 2011 as an employee driver and worked with Western for approximately eight months. Western also denies each and every allegation set forth in heading H. above Paragraph 124.

125.    Western denies each and every allegation set forth in Paragraph 125 of the Amended Complaint.

126.    Western denies each and every allegation set forth in Paragraph 126 of the Amended Complaint.

127.    Western is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 127 of the Amended Complaint and therefore denies those allegations.

128.    Western denies each and every allegation set forth in Paragraph 128 of the Amended Complaint, except admits that Plaintiff could take home time whenever he wanted.

129.    Western denies each and every allegation set forth in Paragraph 129 of the Amended Complaint.

130.    Western denies each and every allegation set forth in Paragraph 130 of the Amended Complaint.

131.    Western is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 131 of the Amended Complaint and therefore denies those allegations.

132.    Western is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 132 of the Amended Complaint and therefore denies those allegations.

133.    Western is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 133 of the Amended Complaint and therefore denies those allegations.

134.    Western denies each and every allegation set forth in Paragraph 134 of the Amended Complaint.

135.    Western is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 135 of the Amended Complaint and therefore denies those allegations.

136.    Western denies each and every allegation set forth in Paragraph 136 of the Amended Complaint.

137.    Western denies each and every allegation set forth in Paragraph 137 of the Amended Complaint.

138.    Western denies each and every allegation set forth in Paragraph 138 of the Amended Complaint.

139.    Western denies each and every allegation set forth in Paragraph 139 of the Amended Complaint.

140.    Western denies each and every allegation set forth in Paragraph 140 of the Amended Complaint and also denies each and every allegation set forth in heading I. above Paragraph 140.

141.    Western denies each and every allegation set forth in Paragraph 141 of the Amended Complaint.

142.    Western denies each and every allegation set forth in Paragraph 142 of the Amended Complaint.

143.    Western denies each and every allegation set forth in Paragraph 143 of the Amended Complaint.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (FEDERAL FAIR LABOR STANDARDS ACT)

144.    Western incorporates its answers and responses to the preceding paragraphs numbered 1-143 of the Amended Complaint as if fully set forth herein.

145.    Western denies each and every allegation set forth in Paragraph 145 of the Amended Complaint.

17

146.    Western denies each and every allegation set forth in Paragraph 146 of the Amended Complaint.

147.    Western denies each and every allegation set forth in Paragraph 147 of the Amended Complaint.

## SECOND CAUSE OF ACTION
## (TENNESSEE COMMON LAW FRAUD)

148.    Western incorporates its answers and responses to the preceding paragraphs numbered 1-147 of the Amended Complaint as if fully set forth herein.

149.    Western denies each and every allegation set forth in Paragraph 149 of the Amended Complaint.

150.    Western denies each and every allegation set forth in Paragraph 150 of the Amended Complaint.

151.    Western denies each and every allegation set forth in Paragraph 151 of the Amended Complaint.

152.    Western denies each and every allegation set forth in Paragraph 152 of the Amended Complaint.

153.    Western denies each and every allegation set forth in Paragraph 153 of the Amended Complaint.

154.    Western denies each and every allegation set forth in Paragraph 154 of the Amended Complaint.

## THIRD CAUSE OF ACTION
## (TENNESSEE COMMON LAW NEGLIGENT MISREPRESENTATION)

155.    Western incorporates its answers and responses to the preceding paragraphs numbered 1-154 of the Amended Complaint as if fully set forth herein.

156.     Western denies each and every allegation set forth in Paragraph 156 of the Amended Complaint.

157.     Western denies each and every allegation set forth in Paragraph 157 of the Amended Complaint.

158.     Western denies each and every allegation set forth in Paragraph 158 of the Amended Complaint.

159.     Western denies each and every allegation set forth in Paragraph 159 of the Amended Complaint.

160.     Western denies each and every allegation set forth in Paragraph 160 of the Amended Complaint.

## FOURTH CAUSE OF ACTION
### (TENNESSEE COMMON LAW UNENFORCEABLE CONTRACT)

161.     Western incorporates its answers and responses to the preceding paragraphs numbered 1-160 of the Amended Complaint as if fully set forth herein.

162.     Concurrent herewith Western has filed a separate Partial Motion to Dismiss with respect to several of the allegations in the Amended Complaint, including those described in Paragraph 162 of the Amended Complaint, and therefore, no further answer or other response is necessary as to such claims and allegations at this time. To the extent an answer or response is necessary, Western denies each and every allegation set forth in Paragraph 162 of the Amended Complaint.

163.     Concurrent herewith Western has filed a separate Partial Motion to Dismiss with respect to several of the allegations in the Amended Complaint, including those described in Paragraph 163 of the Amended Complaint, and therefore, no further answer or other response is necessary as to such claims and allegations at this time. To the extent an answer or response is

necessary, Western denies each and every allegation set forth in Paragraph 163 of the Amended Complaint.

164.     Concurrent herewith Western has filed a separate Partial Motion to Dismiss with respect to several of the allegations in the Amended Complaint, including those described in Paragraph 164 of the Amended Complaint, and therefore, no further answer or other response is necessary as to such claims and allegations at this time. To the extent an answer or response is necessary, Western denies each and every allegation set forth in Paragraph 164 of the Amended Complaint.

### FIFTH CAUSE OF ACTION
### (TENNESSEE COMMON LAW UNJUST ENRICHMENT)

165.     Western incorporates its answers and responses to the preceding paragraphs numbered 1-164 of the Amended Complaint as if fully set forth herein.

166.     Concurrent herewith Western has filed a separate Partial Motion to Dismiss with respect to several of the allegations in the Amended Complaint, including those described in Paragraph 166 of the Amended Complaint, and therefore, no further answer or other response is necessary as to such claims and allegations at this time. To the extent an answer or response is necessary, Western denies each and every allegation set forth in Paragraph 166 of the Amended Complaint.

167.     Concurrent herewith Western has filed a separate Partial Motion to Dismiss with respect to several of the allegations in the Amended Complaint, including those described in Paragraph 167 of the Amended Complaint, and therefore, no further answer or other response is necessary as to such claims and allegations at this time. To the extent an answer or response is necessary, Western denies each and every allegation set forth in Paragraph 167 of the Amended Complaint.

168. Concurrent herewith Western has filed a separate Partial Motion to Dismiss with respect to several of the allegations in the Amended Complaint, including those described in Paragraph 168 of the Amended Complaint, and therefore, no further answer or other response is necessary as to such claims and allegations at this time. To the extent an answer or response is necessary, Western denies each and every allegation set forth in Paragraph 168 of the Amended Complaint.

169. Concurrent herewith Western has filed a separate Partial Motion to Dismiss with respect to several of the allegations in the Amended Complaint, including those described in Paragraph 169 of the Amended Complaint, and therefore, no further answer or other response is necessary as to such claims and allegations at this time. To the extent an answer or response is necessary, Western denies each and every allegation set forth in Paragraph 169 of the Amended Complaint.

170. Concurrent herewith Western has filed a separate Partial Motion to Dismiss with respect to several of the allegations in the Amended Complaint, including those described in Paragraph 170 of the Amended Complaint, and therefore, no further answer or other response is necessary as to such claims and allegations at this time. To the extent an answer or response is necessary, Western denies each and every allegation set forth in Paragraph 170 of the Amended Complaint.

## SIXTH CAUSE OF ACTION
### (FEDERAL FORCED LABOR)

171. Western incorporates its answers and responses to the preceding paragraphs numbered 1-170 of the Amended Complaint as if fully set forth herein.

172. Concurrent herewith Western has filed a separate Partial Motion to Dismiss with respect to several of the allegations in the Amended Complaint, including those described in

Paragraph 172 of the Amended Complaint, and therefore, no further answer or other response is necessary as to such claims and allegations at this time. To the extent an answer or response is necessary, Western denies each and every allegation set forth in Paragraph 172 of the Amended Complaint.

173. Concurrent herewith Western has filed a separate Partial Motion to Dismiss with respect to several of the allegations in the Amended Complaint, including those described in Paragraph 173 of the Amended Complaint, and therefore, no further answer or other response is necessary as to such claims and allegations at this time. To the extent an answer or response is necessary, Western denies each and every allegation set forth in Paragraph 173 of the Amended Complaint.

174. Concurrent herewith Western has filed a separate Partial Motion to Dismiss with respect to several of the allegations in the Amended Complaint, including those described in Paragraph 174 of the Amended Complaint, and therefore, no further answer or other response is necessary as to such claims and allegations at this time. To the extent an answer or response is necessary, Western denies each and every allegation set forth in Paragraph 174 of the Amended Complaint.

175. Concurrent herewith Western has filed a separate Partial Motion to Dismiss with respect to several of the allegations in the Amended Complaint, including those described in Paragraph 175 of the Amended Complaint, and therefore, no further answer or other response is necessary as to such claims and allegations at this time. To the extent an answer or response is necessary, Western denies each and every allegation set forth in Paragraph 175 of the Amended Complaint.

**SEVENTH CAUSE OF ACTION**
**(TRUTH-IN-LEASING ACT)**

176.	Western incorporates its answers and responses to the preceding paragraphs numbered 1-175 of the Amended Complaint as if fully set forth herein.

177.	Concurrent herewith Western has filed a separate Partial Motion to Dismiss with respect to several of the allegations in the Amended Complaint, including those described in Paragraph 177 of the Amended Complaint, and therefore, no further answer or other response is necessary as to such claims and allegations at this time. To the extent an answer or response is necessary, Western denies each and every allegation set forth in Paragraph 177 of the Amended Complaint.

178.	Concurrent herewith Western has filed a separate Partial Motion to Dismiss with respect to several of the allegations in the Amended Complaint, including those described in Paragraph 178 of the Amended Complaint, and therefore, no further answer or other response is necessary as to such claims and allegations at this time. To the extent an answer or response is necessary, Western denies each and every allegation set forth in Paragraph 178 of the Amended Complaint.

## EIGHTH CAUSE OF ACTION
## (BREACH OF CONTRACT)

179.	Western incorporates its answers and responses to the preceding paragraphs numbers 1-178 of the Amended Complaint as if fully set forth herein.

180.	Concurrent herewith Western has filed a separate Partial Motion to Dismiss with respect to several of the allegations in the Amended Complaint, including those described in Paragraph 180 of the Amended Complaint, and therefore, no further answer or other response is necessary as to such claims and allegations at this time. To the extent an answer or response is

necessary, Western denies each and every allegation set forth in Paragraph 180 of the Amended Complaint.

181.    Concurrent herewith Western has filed a separate Partial Motion to Dismiss with respect to several of the allegations in the Amended Complaint, including those described in Paragraph 181 of the Amended Complaint, and therefore, no further answer or other response is necessary as to such claims and allegations at this time. To the extent an answer or response is necessary, Western denies each and every allegation set forth in Paragraph 181 of the Amended Complaint.

182.    Any and all allegations contained in the Amended Complaint which have not been previously specifically admitted or denied, are hereby denied.

183.    Western denies that Plaintiff, or any allegedly similarly situated individual, or any purported class or collective action member, is entitled to any of the relief prayed for in the Amended Complaint.

**AFFIRMATIVE AND OTHER DEFENSES**

**<u>First Defense</u>**

1.    The activities for which Plaintiff alleges he and the putative class were not properly compensated do not constitute compensable work under the FLSA and/or any other claimed state or federal law. Western properly classified and treated Plaintiff and the putative class as independent contractors and, as such, the FLSA does not apply to Plaintiff or the putative class.

**<u>Second Defense</u>**

2.    Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

**<u>Third Defense</u>**

3.     Plaintiff and the putative class are properly classified as independent contractors and therefore the FLSA does not apply. If the FLSA is found to apply to Plaintiff's claims, at all times relevant to Plaintiff's Amended Complaint, Western acted in good faith in attempting to comply with its obligations under the FLSA. Accordingly, liquidated damages are not available or warranted under the provisions of the FLSA.

### Fourth Defense

4.     Plaintiff and the putative class are properly classified as independent contractors and therefore the FLSA does not apply. If the FLSA is found to apply, any purported violation of the FLSA by Western—which Western denies in its entirety—was not willful, and therefore all such FLSA claims are limited by a two-year limitations period.

### Fifth Defense

5.     To the extent applicable, Plaintiff's claims and members of the purported class and/or collective action are precluded by their own actions and are therefore barred by the equitable doctrines of waiver, estoppel, unclean hands, and/or laches.

### Sixth Defense

6.     Even assuming, arguendo, that Plaintiff's Amended Complaint is partially correct, Plaintiff and members of the purported class and/or collective action seek compensation for time that is de minimus.

### Seventh Defense

7.     Plaintiff and the putative class he purports to represent were paid all payments which were due and owing, and to which they were entitled under the FLSA and Tennessee state law.

### Eighth Defense

8. Plaintiff and members of the purported class and/or collective action are not similarly situated. As a result, the potential claims of the purported class and/or collective action members would differ and/or vary greatly and on a case-by-case basis, thus requiring the Court to engage in numerous individualized determinations if the class and/or collective action were certified, and such class and/or collective action should not be certified.

### Ninth Defense

9. The class action portion of the Amended Complaint seeking class-wide relief must be dismissed, as Plaintiff cannot satisfy the requirements for maintenance of a class action under Fed. R. Civ. P. 23.

### Tenth Defense

10. Because Plaintiff and each purported class and/or collective action member was or is an independent contractor, signed a separate independent contractor contract with Western, and maintained their own separate and distinct business relationships with Western, Plaintiff is not representative of the purported class and/or collective action and the case cannot proceed as a class or collective action.

### Eleventh Defense

11. The collective action portion of the Amended Complaint seeking class-wide relief must be dismissed, as Plaintiff cannot satisfy the requirements for maintenance of a collective action under Section 216 of the FLSA, or otherwise.

### Twelfth Defense

12. Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

### Thirteenth Defense

26

13.     Plaintiff's alleged damages were not proximately caused by any unlawful policy, custom, practice, and/or procedure promulgated and/or undertaken by Western.

### Fourteenth Defense

14.     Although Western denies that Plaintiff and members of the purported class and/or collective action are entitled to any relief, Western asserts that any claimed damages arose as a result of their own actions, or failures to act, and they have failed to mitigate their alleged damages. To the extent that Plaintiff and members of the purported class and/or collective action have mitigated their damages, they may not recover for any alleged damages so mitigated.

### Fifteenth Defense

15.     Plaintiff's claims are preempted in whole or in part by the Federal Arbitration Act.

### Sixteenth Defense

16.     Plaintiff's claims are preempted in whole or in part under the Federal Aviation Administration Authorization Act (FAAAA) 49 U.S.C. §14501 which prohibits states from enacting or enforcing "a law, regulation, or other provision having the force and effect of law related to price, route or service of any motor carrier … or any motor private carrier, broker, or freight forwarder with respect to the transportation of property." 49 U.S.C. §14501(c)(1).

### Seventeenth Defense

17.     Plaintiff's Amended Complaint does not describe some or all of the claims asserted against Western with sufficient particularity to enable Western to determine all of the defenses and/or claims available to Western in response to that action. Therefore, Western reserves the right to assert all defenses and/or claims which may be applicable to the claims alleged until such time as the precise nature of the various claims are ascertained and all facts are discovered.

**WHEREFORE** having fully answered, Western prays that this Court dismiss this action against Western with prejudice, and enter judgment in favor of Western with costs of suit and such other and further relief as the Court deems proper, including, but not limited to, attorneys' fees, costs, and expenses.

Dated: May 6, 2019

Respectfully submitted,


/s/ R. Eddie Wayland_____
R. Eddie Wayland (No. 6045)
Mark E. Hunt (No. 10501)
Benjamin P. Lemly (No. 35225)
KING & BALLOW
315 Union Street
Suite 1100
Nashville, TN 37201
(615) 726-5430
rew@kingballow.com
mhunt@kingballow.com
blemly@kingballow.com

*Attorneys for Western Express, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing pleading was electronically filed with the Court and electronically served on date reflected in the ECF system upon:

Mike Sweeney
Lesley Tse
Getman, Sweeney & Dunn, PLLC
260 Fair Street
Kingston, NY 12401
Phone: (845) 255-9370

Justin L. Swidler
SWARTZ SWIDLER LLC
1101 Kings Hwy N.
Suite 402
Cherry Hill, NJ 08034
Phone: (856) 685-7420

Charles Yezbak
Yezbak Law Offices
2002 Richard Jones Road
Suite B-200
Nashville, TN 37215

By:     /s/ Benjamin P. Lemly
        Benjamin P. Lemly