IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN ELMY, individually and on behalf of all other similarly situated persons, <br><br> Plaintiff, <br><br> v. <br><br> WESTERN EXPRESS, INC., NEW HORIZONS LEASING, INC., and JOHN DOES 1-5, <br><br> Defendants. | Case No.: 3:17-cv-01199 <br> Judge Campbell <br> Magistrate Judge Frensley |

**NEW HORIZONS LEASING, INC.'S REPLY MEMORANDUM
IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS PLAINTIFF'S
AMENDED COLLECTIVE & CLASS ACTION COMPLAINT**

Defendant New Horizons Leasing, Inc. ("New Horizons"), by its undersigned counsel, hereby submits this Reply Memorandum in Support of its Partial Motion to Dismiss Plaintiff's Amended Collective & Class Action Complaint ("Motion to Dismiss"), (D.E. 172), and in response to Plaintiff's Memorandum of Law in Opposition to Defendants' Partial Motions to Dismiss Plaintiff's Collective & Class Action Complaint ("Response"), (D.E. 202).

First, and as explained more fully in New Horizons' Motion for Leave to File Excess Pages filed contemporaneously herewith, New Horizons takes issue with Plaintiff's filing of a *single* Response to both New Horizons and Western Express, Inc.'s ("Western") separate and distinct Partial Motions to Dismiss Plaintiff's Collective & Class Action Complaint. These two partial motions to dismiss were filed by separate business entities and, as a result, should be addressed as

1

such. Plaintiff's attempt to combine and conflate the two separate motions into a single Response creates confusion by requiring both New Horizons and the Court to parse through each argument to determine which Defendant and associated dismissal argument is being discussed, all while permitting Plaintiff to blur the lines between the two defendants at his convenience. Plaintiff's single Response not only prejudices New Horizons' consistent and well-supported position that it is a separate business entity, but it also injects unnecessary confusion into the briefing process.

In addition, despite Plaintiff's allegations to the contrary, his Amended Complaint clearly fails to adequately plead facts sufficient to avoid the dismissal of his unconscionability, unjust enrichment, Federal Forced Labor, breach of contract, and Fair Labor Standards Act ("FLSA") claims against New Horizons. Plaintiff's Truth-in-Leasing Act ("TILA") claim is subject to a 2-year statute of limitations, which has lapsed, and also fails to state a claim upon which relief can be granted. For these reasons, New Horizons respectfully requests that this Court grant its Motion to Dismiss.

### I. Plaintiff's Common Law Unenforceable Contract Cause of Action Fails to State a Claim.

Plaintiff's Response contains two primary oppositions to New Horizons' Motion to Dismiss Plaintiff's Common Law Unenforceable Contract claim. First, Plaintiff contends that he is permitted to affirmatively raise a contract unconscionability claim, despite New Horizons' citations and well-articulated position to the contrary. In support of this contention, Plaintiff relies heavily on *In re Baby*, a 2014 Tennessee Supreme Court decision that dealt with surrogacy contracts and the termination of parental rights. 447 S.W.3d 807 (Tenn. 2014). According to Plaintiff, *In re Baby* holds "that contract defenses can be raised in an independent declaratory judgment action." (D.E. 202 at 4).

Plaintiff reluctantly admits, however, that *In re Baby* does not specifically address whether the doctrine of unconscionability may be affirmatively raised for a contract dispute. (D.E. 202 at 5). Indeed, *In re Baby* is entirely silent on the issue of affirmatively raising unconscionability; instead, the case states only that "Tennessee common law recognizes a number of contractual defenses, including fraud, duress, undue influence, mistake, or incapacity . . . which may be raised in an independent declaratory judgment action." *In re Baby*, 447 S.W.3d at 832. Never-the-less, Plaintiff adopts the unsupportable position that *In re Baby* supersedes "Defendants' [sic] citation to two federal district court decisions . . . [that] relied on a single 26-year old opinion from the Tennessee intermediate appellate court." (D.E. 202 at 5).

Plaintiff attempts to diminish the cases cited by Defendant as nothing more than "two federal district court decisions" relying on a still-standing 26-year-old intermediate appellate court decision. *Id*. This is, at best, disingenuous considering New Horizons cites to a ***2019 decision from this very District*** clearly stating that the "doctrine of unconscionability is not available to obtain affirmative relief, but is available only as a defense." *Mullin v. SouthEast Bank*, No. 2:18-cv-00046, 2019 U.S. Dist. LEXIS 35994, at *32 (M.D. Tenn. Feb. 4, 2019) (Brown, Mag. J), adopted in part by, *Mullin v. Southeast Bank*, No. 2:18-cv-00046, 2019 U.S. Dist. LEXIS 35986 (M.D Tenn. Mar. 6, 2019) (Crenshaw, J.). Contrary to Plaintiff's attempt to diminish the prior state appellant court decision, the fact that this Court and others, cited to this 26-year-old case, *Wallace v. Nat'l Commerce Bancorporation*, No. 02A01-9205-CV-00143, 1993 Tenn. App. LEXIS 152 (Tenn. Ct. App. Feb. 23, 1993), in their opinions is significant. These decisions strongly affirm the precedent that, "[t]he doctrine of unconscionability is not available to obtain affirmative relief," is based on longstanding and well-settled law in Tennessee. Plaintiff's argument to the contrary is meritless.

3

Assuming, *arguendo*, that this Court might find that an unconscionability claim may be affirmatively raised, Plaintiff still fails to adequately plead his claim. In support of his claim, Plaintiff offers nothing more than conclusory allegations surrounding how he allegedly chose to review the Equipment Lease ("Lease"), where he was when he reviewed the Lease, and the time he had to review the Lease. (D.E. 202 at 7). Importantly, Plaintiff's Response—in addition to his Amended Complaint—both fail to allege **any** of the *Sellers'* factors.[1] This failure is telling as to his procedural unconscionability claim. As Plaintiff also admits in his Response, even if the Lease had been presented to Plaintiff on a take-it-or-leave-it-basis during this alleged review process, which it was not, that alone would not render the Lease unconscionable. *Cooper v. MRM Inv. Co.*, 357 F.3d 493, 505 (6th Cir. 2004). Plaintiff's argument that the Lease is procedurally unconscionable is unavailing. Thus, by virtue of his failure to satisfy the requisite procedural unconscionability prong, his overall claim fails.

Moreover, with respect to his claim of substantive unconscionability, that claim is likewise insufficient. Importantly, Plaintiff focuses his claims and argument primarily on alleged provisions within Western's Contract Hauling Agreement ("Agreement") and not the Lease Agreement with New Horizons. Plaintiff claims the Agreement with Western purportedly "prevent[s] Plaintiff from working for other trucking companies," "mak[es] Plaintiff starkly dependent on . . . Western in order to survive," and "reserve[] the right to terminate the contracts at any time," which will

---

[1] In order to allege contract unconscionability, both procedural and substantive unconscionability must be pled. As explained in greater detail in New Horizons' Motion to Dismiss, a showing of procedural unconscionability requires "evidence on 'factors bearing on the relative bargaining position of the contracting parties, including their age, education, intelligence, business acumen and experience, relative bargaining power, . . . [and] whether the terms were explained to the weaker party.'" *Sellers v. Macy's Retail Holdings, Inc.*, No. 12-cv-02496-SHL-tmp, 2014 U.S. Dist. LEXIS 85879, at *29 (W.D. Tenn. June 5, 2014) (quoting *Cooper v. MRM Inv. Co.*, 367 F.3d 493, 504 (6th Cir. 2004)).

place a driver in "immediate default" of New Horizons' Lease. *Id*. According to Plaintiff, requiring independent contractor drivers to operate a tractor-trailer truck in performance of the standard requirements and expectations of the job without some form of guaranteed revenue and/or profitability for the independent contractor would "shock the judgment of a person of common sense" such as to render such Agreements substantively unconscionable. *Id*. at 9. Plaintiff's overwrought, and dire, allegations as to the Agreement between Western and Plaintiff have absolutely no bearing on or application to the Lease he entered into with New Horizons. As a result, those allegations do not undercut the fact that the Lease reflects a bona fide Lease arrangement between Plaintiff and New Horizons. Plaintiff's allegations do not adequately plead or support a claim that the Lease is in any way unconscionable.

Moreover, substantive unconscionability requires that "the inequality of the bargain [must be] so manifest as to shock the judgment of a person of common sense." *Taylor v. Butler*, 142 S.W.3d 277, 288 (Tenn. 2004). This is an incredibly difficult burden to meet, and Plaintiff's doomsday sensationalism of the trucking industry generally does nothing to improve his stark failure to plead facts showing substantive unconscionability in this case as to the Lease between New Horizons and Plaintiff. Case law is clear that "unequal bargaining power alone does not render a contract substantively unconscionable." *Cooper*, 367 F.3d at 504. Furthermore, Plaintiff's claims of unconscionability are directly undercut by the facts that he was well aware of the demands of over-the-road truck driving as an independent contractor driver and that he knowingly and voluntarily entered into the Lease with New Horizons to rent a truck under the terms of that Lease. *See EEOC v. Frank's Nursery & Crafts*, 966 F. Supp. 500, 504 (E.D. Mich. 1997), rev'd o.g., 177 F.3d 448 (6th Cir. 1999) ("when a party . . . voluntarily agrees to something in an attempt to obtain employment, they are not being 'forced' to do anything"). For these reasons, Plaintiff

5

fails to state a claim upon which relief may be granted and his unconscionability cause of action must be dismissed as a result.

## II. Plaintiff Fails to State an Unjust Enrichment Claim Against New Horizons.

Plaintiff's Response fails to adequately show a claim of unjust enrichment against New Horizons.[2] According to Plaintiff, because his Amended Complaint pleads that New Horizons and Western are "enmeshed sister companies operating a single scheme" and both "coordinated to pay themselves for the drivers' work before and instead of paying the driver," that alone is sufficient to find that New Horizons was unjustly enriched. (D.E. 202 at 13).

Plaintiff appears to solely rely on his characterization of the two entities in his pleadings as sufficient to allege a claim against New Horizons for unjust enrichment and withstand a motion to dismiss. Such a position ignores the well-settled law that, in order pass the basic plausibility requirement, a plaintiff is required to show "direct or inferential allegations respecting all the material elements of the claim." *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003).[3]

Plaintiff clearly fails to plead the elements as evidenced by the fact that his Amended Complaint **does not mention New Horizons or its Lease with Plaintiff even once** in relation to his unjust enrichment claim. It is "[i]mplicit in the unjust enrichment elements . . . that the plaintiff

---

[2] New Horizons intends to focus its Reply with respect to Plaintiff's unjust enrichment claim on Plaintiff's failure to plead the elements of unjust enrichment against New Horizons. New Horizons does not concede any of its additional arguments and defenses to Plaintiff's unjust enrichment claim that were raised in its partial Motion to Dismiss, which are incorporated herein by reference.

[3] The material elements of an unjust enrichment claim are: 1) [a] benefit conferred upon the defendant by the plaintiff; 2) appreciation by the defendant of such benefit' and 3) acceptance of such benefit under such circumstances that it would be inequitable for him to retain the benefit without payment of the value thereof." *Cole v. Caruso*, No. W2017-00487-COA-R3-CV, 2018 Tenn. App. LEXIS 146, at *9 (Tenn. Ct. App. Mar. 20, 2018) (quoting *Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 525 (Tenn. 2005)) (internal quotations omitted).

has conferred a benefit upon the defendant for which he has not been compensated." *Cole*, 2018 Tenn. App. LEXIS 146, at *13. Notably, Plaintiff has failed to allege that he conferred any benefit upon New Horizons. Plaintiff's only argument is that he conferred a benefit upon Western. This alone renders Plaintiff's unjust enrichment claim against New Horizons ripe for dismissal.

Furthermore, as contemplated in Plaintiff's Lease with New Horizons, in exchange for the use of New Horizons' truck, Plaintiff is required to make payments to New Horizons for the rental of that truck, under the Lease. In Tennessee, "the most significant requirement for unjust enrichment is that the enrichment to the defendant be unjust." *Id.*, at *9 (citing *Freeman Indus., LLC*, 172 S.W.3d at 525). Both parties received fair consideration under this Lease: Plaintiff received a truck to perform transportation services and New Horizons received payments for the leasing of the truck. Clearly the Lease entered into between Plaintiff and New Horizons (1) was not unjust, (2) reflected a bona fide lease arrangement, and (3) both Plaintiff's Amended Complaint and Response do not plead the necessary elements of unjust enrichment against New Horizons. For these reasons, Plaintiff's unjust enrichment claim must be dismissed.

### III. Plaintiff's Federal Forced Labor Claim Fails to State a Claim and Is Completely Inapplicable Here.

Plaintiff's Federal Forced Labor ("FFL") claim fails to state a claim upon which relief can be granted against New Horizons. Plaintiff makes several strained arguments in support of his FFL claim, none of which are sufficient to survive New Horizons' Motion to Dismiss.

As a preliminary matter, the FFL statute relied on by Plaintiff, 18 U.S.C. § 1589, does not apply to New Horizons because New Horizons did not receive or obtain any labor or services from Plaintiff and/or the alleged class. Indeed, Plaintiff's argument relies heavily on the above cited statute, which provides that it is a violation of the same to "knowingly ***provide[] or obtain [] the labor or services of a person*** . . . (1) by means of force . . . ; (2) by means of serious harm or threats

of serious harm . . . ; (3) by means of the abuse . . . of law or legal process; or (4) by means of any scheme . . . intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm . . . ." 18 U.S.C. § 1589 (emphasis added). Neither Plaintiff nor any of the alleged class provided labor, services, or work for New Horizons. Plaintiff and the alleged class did not enter into service or independent contractor agreements with New Horizons. They were not in any form retained by New Horizons, nor did they in any way work for New Horizons, as is required by 18 U.S.C. § 1589. As a result, Plaintiff's FFL claim against New Horizons is improper, not adequately pled, and must be dismissed.

Furthermore, a predominant portion of Plaintiff's Response focuses on the validity of alleged financial harm as a basis for a FFL claim. While New Horizons does not dispute that in certain circumstances severe financial harm might help form the basis of an FFL claim, it is clear this is not such a case. Plaintiff's Response incorrectly attempts to characterize the cases he cites[4] as cases where the <u>only or predominant</u> coercive threat was of financial harm. (*See* D.E. 202 at 17-18). As stated more comprehensively in New Horizons' Motion to Dismiss, this is simply not true. Rather, each of these cases stands for the proposition that financial harm is *not* generally brought as a standalone claim in support of a FFL cause of action. (D.E. 173 at 6-7). In cases where financial harm is used as the sole basis in an FFL cause of action, that harm must be <u>*substantial*</u>. *See Antonatos, M.D. v. Waraich*, No. 1:12-cv-01905, JMC, 2013 U.S. Dist. LEXIS 121485, at *2 (D.S.C. Aug. 27, 2013) (The plaintiff doctor threatened with a $250,000 lawsuit if he were to

---

[4] *United States v. Dann*, 652 F.3d 1160, 1171-73 (9th Cir. 2011); *Paguirigan v. Prompt Nursing Employment Agency, LLC*, 286 F. Supp. 3d 430, 436 (E.D.N.Y. 2017); *Javier v. Beck*, No. 13cv2926, 2014 U.S. Dist. LEXIS 95594, at *5 (S.D.N.Y. July 3, 2014); *Nunag-Tanedo v. East Baton Rouge Parrish School Bd.*, 790 F. Supp. 2d 1134, 1144 (C.D. Cal. 2011); and *United States v. Sou*, 2011 U.S. Dist. LEXIS 81876, at *3 (D. Haw. July 26, 2011).

leave.); *see also Carter v. Paschall Truck Lines*, 324 F. Supp. 3d 900, 915 (W.D. Ky. 2018) (Plaintiff survived a motion to dismiss based on the allegations that the financial harm causing plaintiff to continue working "could be over $100,000.00.").

Plaintiff's Response states that the plaintiff in *Carter* survived a motion to dismiss because they successfully "pleaded that the penalty provisions in their service contracts and equipment lease satisfied the 'serious harm' requirement of the Forced Labor Statute." (D.E. 202 at 15). Conversely, Plaintiff here makes no such claim, going so far as to state that he "is not required to offer **<u>any</u>** [plausible allegations] whatsoever in support of his amended complaint to survive a motion to dismiss." *Id*. at 19 (emphasis in original). Nowhere throughout Plaintiff's Amended Complaint or Response does Plaintiff even attempt to plead any amount of actual financial harm he has suffered from New Horizons, let alone the required ***substantial or serious*** harm. Instead, Plaintiff argues that the mere threat of financial harm is sufficient, even though he suffered no such financial harm.

In order to allege serious harm or a threat of serious harm sufficient to bring a FFL cause of action, however, "the threat, considered from the vantage point of a reasonable person in the place of the victim, must be sufficiently serious to compel that person to remain." *Dann*, 652 F.3d at 1170 (citing 18 U.S.C. § 1589(c)(2)). Indeed, "[t]he linchpin of the serious harm analysis under § 1589 is not just that serious harm was threatened but that the employer intended the victim to believe that such harm would befall h[im]." *Id*.

According to Plaintiff, the primary "threat" alleged here was being placed in default of the Lease if Plaintiff failed to make even a single lease payment. **This threat, and any threat of financial harm for that matter, are directly undercut by Plaintiff's own admission in his original complaint that he was told he could** *"walk away from the Lease at any time without*

9

*consequence."* (D.E. 1, ¶ 104). If Plaintiff was aware, as he previously claimed in his original complaint, that he would not face financial consequences in the alleged form of a default or alleged "crushing debt" upon the termination of the Lease, he cannot now turn around and claim that he felt threatened to continue working for Western and leasing from New Horizons because of financial ruin he was told would not occur, and that, in fact, did not occur.

Not only does Plaintiff undermine his own claim, Plaintiff cites no cases in support of his untenable position that he is **not required** to plead "to what extent Defendant made good on its threats after Plaintiff stopped working for Defendant." (D.E. 202, at 19). Plaintiff's position appears to be that his allegations that failure to make a lease payment might result in: (1) default, which results in having his entire lease contract for the truck accelerate; (2) negative entry on the lease operator's DAC report; and (3) merely having a lease payment for a truck that likely exceeded $100,000, are more than enough to constitute threats of serious harm for a FFL claim. *See id*. at 20.

This position is without merit. As stated more fully in New Horizons' Motion to Dismiss, a court is not forced to accept "threadbare recitals of a cause of action's elements," *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009), and "must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 528 n.17 (1983). Here, Plaintiff has not alleged that he suffered any financial harm from New Horizons, —in fact, Plaintiff has admitted that he was told he could walk away from the Lease at any time without consequence. Consistent with this allegation in his original complaint, Plaintiff **does not allege in his Amended Complaint that he suffered any actual harm as a result of ending his business relationship with New Horizons**. Plaintiff also fails to allege threats of financial harm sufficient to convince a reasonable

10

person that they must continue working. Allowing a claim such as Plaintiff's to proceed would create a dangerous precedent since many lease agreements, in addition to a substantial number of purchase and finance agreements, threaten default as a potential penalty should a signatory fail to live up to his or her end of the bargain. This Court should prevent the attempted perversion of FFL claims by refusing to allow such a dangerous precedent to be set that any type of Lease or lease purchase agreement, which threatens financial consequences for a default, will support a claim under the FFL.

Accordingly, for the reasons stated above, Plaintiff's Amended Complaint and Response do not sufficiently allege serious harm as required by the statute and his FFL claim must be dismissed.

## IV. Plaintiff's Breach of Contract Claim Is Wholly Inapplicable to New Horizons and Therefore Fails to State a Claim.

Plaintiff's Amended Complaint raises a breach of contract claim against both Western and New Horizons.[5] This allegation deals solely with the independent contractor compensation which is reflected on Schedule I to the Agreement between Plaintiff and Western. This claim has nothing to do with the separate Lease entered into between New Horizons and Plaintiff regarding the leasing of a truck. Plaintiff's Response does not even mention New Horizons in relation to the breach of contract claim; instead choosing to focus the entirety of his allegations on the claim against Western. This fact, coupled with the further fact that Plaintiff has not sufficiently alleged a plausible basis of claimed facts to support the elements of a breach of contract claim against New

---

[5] Plaintiff's Response makes the untenable argument that he is entitled to judgment as a matter of law with respect to his breach of contract claim. Plaintiff's attempt to convert his Response into a Motion for Summary Judgment is without merit, is procedurally improper, and the Court should reject that attempt.

11

Horizons, as is more fully explained in New Horizons' Motion to Dismiss, requires the dismissal of Plaintiff's breach of contract claim against New Horizons.

## V. Plaintiff Fails to State a Claim Against New Horizons for Violation of the FLSA.

Plaintiff's Response still fails to show why New Horizons should be liable under the FLSA. As discussed in its Motion to Dismiss, New Horizons did not, and does not, pay any compensation or revenue to Plaintiff or the alleged class. Neither does New Horizons retain any of them for the performance of services. To the contrary, New Horizons merely leases trucks to individuals and entities who, in exchange, make lease payments to New Horizon in relation to the trucks they lease. None of this is covered under the FLSA.

Plaintiff attempts to bring New Horizons under the coverage of the FLSA though an enterprise theory, which requires proof of: "(1) related activities; (2) unified operation or common control; and (3) a common business purpose." *Brennan v. Plaza Shoe Store, Inc.*, 522 F.2d 843, 846-47 (8th Cir. 1975). For the reasons set forth in its initial Motion to Dismiss, New Horizons maintains that Plaintiff has failed to adequately plead the requisite elements of related activities, and of unified operation or common control. Plaintiff's failure to sufficiently and plausibly plead facts sufficient to establish the third required element, which is a common business purpose between New Horizons and Western, will be further addressed below.

According to Plaintiff, "New Horizons is essentially a partner-company of Western Express with a primary purpose of leasing trucks to truckers who will drive for Western." (D.E. 202 at 29). In support of this position, Plaintiff cites to *Hatmaker v. PJ Ohio, LLC*, No. 3:17-CV-146, 2019 U.S. Dist. LEXIS 50403, at *6 (S.D. Ohio Mar. 26, 2019), and *Flores v. Act Event Servs., Inc.*, 55 F. Supp. 3d 928, 937 (N.D. Tex. 2014). Both cases are distinguishable from the case at hand.

In *Hatmaker*, the court found that an integrated enterprise existed between two defendants where Plaintiffs alleged that both defendants: (1) owned and operated the business from the same shared office, (2) that one defendant owned and operated the other, and (3) that both defendants "maintain[] the same policies and practices" and "share control of Plaintiffs' employment." *Hatmaker*, 2019 U.S. Dist. LEXIS 50403, at *6-7. In the present case, New Horizons does not retain, derive services from, or obtain work from (much less employ) in any way Plaintiff or the alleged class. Neither does New Horizons maintain any policies or practices in those regards. The independent contractor agreement was between Plaintiff and Western Express. New Horizons did not share control over Plaintiff regarding his provision of services to Western. Thus, contrary to the situation in *Hatmaker*, New Horizons did not retain Plaintiff, did not receive any services from Plaintiff, and did not pay Plaintiff any compensation or remuneration. New Horizons only received payments from Plaintiff under his truck Lease. The foregoing facts also apply to the class of drivers alleged by Plaintiff.

By that same token, New Horizons does not, and cannot, have the same policies and practices as Western because New Horizons does not enter into any work or service arrangement with the drivers as does Western. Instead, New Horizons simply enters into separate lease agreements with individuals and entities for the lease of a truck. The fact that the drivers may sign both the Agreement and the Lease at roughly the same time does nothing to further Plaintiff's attempt to show a common purpose between these two separate business entities.

In *Flores*, the court found enterprise based solely on that plaintiff's allegation that one defendant's sole purpose was satisfying the other defendant's demands regarding "how many people to supply for services" at specific events. *Flores*, 55 F. Supp. 3d at 937. Plaintiff here alleges completely different claims, primarily that the common business purpose here is "moving freight

13

interstate for customers of Western" to help "Western further its shipping business." (D.E. 162 at ¶¶ 3, 38). These are nothing more than unsupported and threadbare conclusory allegations, which fail to show a common purpose. In fact, Plaintiff's very allegations indicate that the common purpose alleged is profit, in furthering Western's shipping business. (*See id.* at ¶ 38.) This type of profit motive is not sufficient to show a common business purpose. *See Wirtz v. Columbian Mut. Life Ins. Co.*, 380 F.2d 903, 907 (6th Cir. 1967). As stated previously, the fact that Western may profit from independent contractors who haul freight for them and, separately, that New Horizons may profit from the lease payments it receives from some of those same individuals, does not satisfy the common business purpose element. If it did, any truck leasing company that leases trucks to independent contractor drivers who drive for a trucking company would, under Plaintiff's theory, be involved in a common business purpose with the trucking company. Therefore, Plaintiff cannot properly allege enterprise theory and bring New Horizons into Plaintiff's FLSA cause of action against Western. For this reason, as well as those previously set forth in New Horizons' Motion to Dismiss, Plaintiff's FLSA cause of action against New Horizons must be dismissed.

## VI. Plaintiff's TILA Claim Is Barred by the Statute of Limitations.

Plaintiff's TILA claim should be subject to the two-year statute of limitations, which bars his claim. New Horizons reincorporates all of its arguments set forth in its Motion to Dismiss and Memorandum in Support in that regard. (*See* D.E. 172, 173). Plaintiff's Response supports New Horizon's position by citing to *United States v. Ron Pair Enters.*, which held that scrivener's error should be applied where "the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters." 489 U.S. 235, 242 (1989). However, as shown more fully in New Horizons' Motion to Dismiss and as discussed by the court in *Fitzpatrick v. Morgan Southern, Inc.*, the intent of the drafters was that the original two-year statute of limitations should

14

apply to claims such as Plaintiff's here, and an interpretation to the contrary would be at odds with that clear intention. 261 F. Supp. 2d 978, 984-86 (W.D. Tenn. 2003); (D.E. 171, at 16-18). Applying a four-year statute based on the obvious errors that occurred during the revision of the statute does, and will continue to, create an inconsistent and absurd result which is clearly at odds with the intentions of the drafters.

Also, Plaintiff's proposed TILA claim against New Horizons does not relate back to the filing of his original complaint because it does not arise out of the same conduct, transaction, or occurrence set out in the original pleading. *See* Fed. R. Civ. P. 15(c)(1)(B). Plaintiff filed his initial complaint on August 25, 2017, which alleged that New Horizons was involved in the misclassification of him as an independent contractor, among various other claims. Plaintiff's Amended Complaint makes largely the same allegations that were contained in his initial complaint, but with the new addition of TILA and Breach of Contract causes of action. Importantly, Plaintiff's new TILA claim contains allegations that the *content* within his Lease violates the law. Conversely, Plaintiff's initial complaint dealt exclusively with the general *effects* of the Lease and supposed prior oral representations. Noticeably absent from his initial complaint is any allegation that the content of the Lease itself was in violation of the law. Because Plaintiff's proposed TILA claim represents any entirely new cause of action that does not arise out of the same common set of facts in his original complaint, the claim does not relate back and is time barred.

Lastly, New Horizons strongly disputes Plaintiff's argument that the stay Order entered by this Court on April 4, 2018, (D.E. 73), tolled not only Plaintiff's FLSA cause of action, but also all of Plaintiff's additional causes of action, including actions that were non-existent at that time. That Order was explicit and Plaintiff's Response admits that the Order clearly ordered a stay only

15

with respect to Plaintiff's FLSA cause of action. Any argument to the contrary is inconsistent with that Order, and Plaintiff may not use the stay to argue that his new TILA claim against New Horizons was tolled in regard to the applicable two-year limitations period.

**VII.     Conclusion**

Based upon the foregoing, Plaintiff's unconscionability, unjust enrichment, FFL, breach of contract, FLSA, and TILA claims against New Horizons should be dismissed. These claims warrant dismissal because they fail to state a claim upon which relief can be granted as required by Fed. R. Civ. P. 12(b)(6) and/or are barred by the applicable statute of limitations. Accordingly, New Horizons respectfully requests that this Honorable Court grant New Horizons' Partial Motion to Dismiss Plaintiff's Amended Complaint with prejudice.

Respectfully submitted,

By:

*s/ R. Eddie Wayland*_____
R. Eddie Wayland (No. 6045)
Mark E. Hunt (No. 10501)
Benjamin P. Lemly (No. 35225)
KING & BALLOW
315 Union Street
Suite 1100
Nashville, TN 37201
(615) 726-5430
rew@kingballow.com
mhunt@kingballow.com
blemly@kingballow.com

*Attorneys for New Horizons Leasing, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading was electronically filed with the Court and electronically served on date reflected in the ECF system upon:

Mike Sweeney
Lesley Tse
Getman, Sweeney & Dunn, PLLC
260 Fair Street
Kingston, NY 12401
Phone: (845) 255-9370

Justin L. Swidler
SWARTZ SWIDLER LLC
1101 Kings Hwy N.
Suite 402
Cherry Hill, NJ 08034
Phone: (856) 685-7420

Charles Yezbak
Yezbak Law Offices
2002 Richard Jones Road
Suite B-200
Nashville, TN 37215

By: *s/ Benjamin P. Lemly*
Benjamin P. Lemly

17