# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHN ELMY, individually and on behalf of all other similarly situated persons, | ) ) ) ) | |
| Plaintiffs, | ) ) | NO. 3:17-cv-01199 |
| v. | ) ) | JUDGE CAMPBELL MAGISTRATE JUDGE FRENSLEY |
| WESTERN EXPRESS, INC., et al., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM

Pending before the Court is Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Approval of Their Proposed Notice to be Issued to the Class (Doc. No. 189) and Defendants' Statement as to Content and Distribution of Opt-In Notice Documents. (Doc. No. 188). For the reasons stated below, the Court will approve Plaintiffs' proposed Notice and Consent Forms (Doc. Nos. 189-1; 189-3) as follows:

**A. The Opt-In Notice and Consent Form**

A collective action hinges on "employees receiving accurate and timely notice concerning [its] pendency ... so that they can make informed decisions about whether to participate." *Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). Plaintiffs' proposed notice and consent forms (Doc. No. 189-1) appear to be "timely, accurate, and informative," as required. *See id*. at 172. Plaintiffs' proposed notice clearly informs putative class members of their rights and how they can elect to participate in the action. The notice provides notice of the pendency of the action and accurately describes the plaintiffs' legal claims. The notice also accurately states that the employer is defending against the claims, but that retaliation and discrimination for

participation in an FLSA action are prohibited by law. *See* 29 U.S.C. § 215(a)(3) (anti-retaliation provision).

Plaintiffs propose a 180-day opt-in period because the class consists of truckers who are on the road and away from home for months at a time. Defendants object to a 180-day opt-in period as being too long, arguing in favor of a 60-day opt-in period instead. The Court concludes that the opt-in period should be 120 days. That period will allow ample time for interested individuals to join the lawsuit while also moving the case forward. Accordingly, Plaintiffs' proposed notice shall be revised to reflect that potential class members must return the consent form to Plaintiffs' counsel within 120 days of the date that this Memorandum and accompanying Order are entered. In addition, Plaintiffs' counsel must ensure that all consent forms are filed with the Court within 150 days of the entry of this Memorandum and accompanying Order.

Defendants object to the first sentence of Plaintiffs' proposed notice, which states: "Enclosed is a Consent form allowing you to join a lawsuit that has been filed by a group of Plaintiff Drivers on behalf of owner operators seeking unpaid wages and liquidated damages under the Fair Labor Standards Act (FLSA)." (*See* Doc. No. 189-1). Defendants argue this sentence is inaccurate because John Elmy has been the only Named Plaintiff during the case. The Court agrees and orders that the first sentence of Plaintiffs' proposed notice shall be revised to state: "Enclosed is a Consent form allowing you to join a lawsuit that has been filed by a former Western Express owner operator who leased a truck from New Horizons; this lawsuit was filed on behalf of the owner operator and other similarly situated owner operators seeking unpaid wages and liquidated damages under the Fair Labor Standards Act (FLSA)."

Defendants disagree with the proposed notice period of "August 25, 2014 to the present", arguing the notice period should be from March 15, 2015 to April 24, 2019. (*See* Doc. No. 188 at

3). The Court finds that Plaintiffs' proposed notice period of "August 25, 2014 to the present" is appropriate at this stage. Accordingly, Defendants' objection to the proposed notice period is overruled.

Defendants also take issue with the last sentence in the "What this lawsuit is about" paragraph of Plaintiffs' proposed notice, which states: "Western denies that it violated the law and the Judge who will hear the case has not made any decision yet about who is right." (Doc. No. 189-1). Defendants request that they be allowed to state their defenses as they have done in their competing proposed notice. (Doc. No. 188-1 at 2-4). The Court notes that purpose of the notice is to provide potential plaintiffs with a neutral discussion of the nature of the action. *Heaps v. Safelite Sols., LLC*, No. 2:10 CV 729, 2011 WL 1325207, at *9 (S.D. Ohio Apr. 5, 2011) (citing *Monroe v. United Air Lines, Inc.*, 90 F.R.D. 638, 640 (D.C.Ill.1981)). To that end, the last sentence in the "What this lawsuit is about" paragraph of Plaintiffs' proposed notice (Doc. No. 189-1) shall be revised to state: "Western denies Plaintiffs' allegations that the owner operator drivers are employees. Both Western and New Horizons deny that they have violated the FLSA. The Court has taken no position at this juncture in the case regarding the merits of the Plaintiffs' claims or of Defendants' defenses." *See e.g.*, *Thomas v. Papa John's Int'l, Inc.*, No. 1:17CV411, 2019 WL 4743637, at *6 (S.D. Ohio Sept. 29, 2019) (finding any additional, more specific information regarding Defendant's defenses unnecessary where the proposed notice already included a statement that Defendant denied liability).

**B. Disclosure of Potential Plaintiffs**

To facilitate notice, Plaintiffs request the Court to direct Defendants to produce to Plaintiffs' counsel the names, mailing addresses, email addresses, and an employee number or unique identifier for all putative class members, and for the telephone numbers and last four digits

of social security numbers for those members whose notices are returned as undeliverable. (Doc. No. 189 at 12-15). Defendants disagree with the need to provide Plaintiffs with potential class members' telephone numbers and last four digits of their social security numbers at this time (Doc. No. 188 at 12), and contend that a third-party administrator, not Plaintiffs' counsel, should issue the notice in this case. (Doc. No. 188 at 5-6; Doc. No. 133 at 17).

The Court finds that employment of a third-party administrator to issue notice in this case is unnecessary. *See Crosby v. Stage Stores, Inc.*, 348 F. Supp. 3d 742, 751 (M.D. Tenn. 2018) ("In regards to whether a third-party administrator, rather than Plaintiffs' counsel, should provide notice and protect the potential plaintiffs' confidential information, the Court finds that employment of a third party administrator is unnecessary."). Defendants shall produce to Plaintiffs' counsel the names, mailing addresses, email addresses, and an employee number or unique identifier for all putative class members. Defendants shall deliver this information to Plaintiffs' counsel, in an electronic spreadsheet format, within seven days of the date that this Memorandum and accompanying Order are entered.

However, at this time, and in the interest of privacy, the Court will not require Defendants to disclose social security or telephone numbers for putative class members. *See Evans v. Caregivers, Inc.*, No. 3:17-cv-0402, 2017 WL 2212977, at *7 (M.D. Tenn. May 19, 2017) (approving disclosure of potential opt-in plaintiff's mailing and email addresses but declining in "the interest of privacy" to order defendants to produce potential opt-in plaintiff's telephone numbers).

**C. Method of Notification**

Plaintiffs propose that notice be sent via first class mail and email, and that a short advisory text about the notice be sent via Qualcomm. (Doc. No. 189 at 3-6). Plaintiffs also propose mailing

and emailing a reminder postcard, (Doc. No. 189-3), and sending a reminder message via Qualcomm, (Doc. No. 189-2), to those potential class members who have not opted-in 21 days before the expiration of the opt-in period. Plaintiffs assert that the above methods of notice are necessary given the transitory nature of the potential class members. Defendants request that the Court limit notice to first class mail and object to Plaintiffs' request to send reminder notices. (Doc. No. 188 at 6-14).

"[C]ourts within the Sixth Circuit have routinely approved dual notification through regular mail and email." *Crosby*, 348 F. Supp. 3d at 751–52 (quoting *Evans*, 2017 WL 2212977, at *7). However, the Court is unconvinced that the third method of sending an advisory text via Qualcomm is necessary in this case. Accordingly, the Court approves dissemination of the notice through first class mail and email, but not through Qualcomm. The Court also approves Plaintiffs' proposed reminder postcard (Doc. No. 189-3) and authorizes Plaintiffs to send the reminder postcard by first class mail and email to those potential class members who have not opted-in 21 days before the expiration of the opt-in period. The Court does not approve Plaintiffs' request to send a reminder message via Qualcomm.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE