IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHN ELMY, GERALD BIERNOT, and DERROTIS HOLMES individually and on behalf of all other similarly situated persons, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Case No.: 3:17-cv-01199 Judge Campbell Magistrate Judge Frensley |
| WESTERN EXPRESS, INC., NEW HORIZONS LEASING, INC., and JOHN DOES 1-5, | ) ) ) ) | |
| Defendants. | ) | |

## WESTERN EXPRESS, INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

Defendant Western Express, Inc. ("Western") hereby files its Answer to Plaintiffs John Elmy, Gerald Biernot, and Derrotis Holmes Second Amended Collective and Class Action Complaint ("Second Amended Complaint").

1.     No answer is necessary in response to Paragraph 1 of the Second Amended Complaint. To the extent a response is required, Western denies each and every allegation set forth in Paragraph 1 of the Second Amended Complaint, except admits that Plaintiffs purport to bring an action.

## INTRODUCTION

2.     Western denies each and every allegation set forth in Paragraph 2 of the Second Amended Complaint, except admits that Western is a private company engaged in moving freight across the continental United States.

1

3.      Western denies each and every allegation set forth in Paragraph 3, including subparagraphs a–g and footnote 1, of the Second Amended Complaint, except admits that Plaintiffs John Elmy, Gerald Biernot, and Derrotis Holmes are former truck drivers who performed services as independent contractors for Western.

4.      Western denies each and every allegation set forth in Paragraph 4 of the Second Amended Complaint, except admits that Plaintiffs purport to bring an action as alleged.

5.      Western denies each and every allegation set forth in Paragraph 5 of the Second Amended Complaint, except admits that Plaintiffs purport to bring an action as alleged.

6.      Western denies each and every allegation set forth in Paragraph 6 of the Second Amended Complaint, except admits that Plaintiffs purport to bring an action as alleged.

7.      Western denies each and every allegation set forth in Paragraph 7 of the Second Amended Complaint, except admits that Plaintiffs purport to bring an action as alleged.

8.      Western denies each and every allegation set forth in Paragraph 8 of the Second Amended Complaint, except admits that Plaintiffs purport to bring an action as alleged.

9.      Western denies each and every allegation set forth in Paragraph 9 of the Second Amended Complaint, except admits that Plaintiffs purport to bring an action as alleged.

10.      Western denies each and every allegation set forth in Paragraph 10 of the Second Amended Complaint, except admits that Plaintiffs purport to bring an action as alleged.

**JURISDICTION AND VENUE**

11.      Western denies each and every allegation set forth in Paragraph 11 of the Second Amended Complaint, except admits that 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA") confers jurisdiction upon this Court under 28 U.S.C. § 1331, and specifically denies that the Second Amended Complaint states a claim under the FLSA against Western.

2

12.     Western denies each and every allegation set forth in Paragraph 12 of the Second Amended Complaint.

13.     Western denies each and every allegation set forth in Paragraph 13 of the Second Amended Complaint.

14.     Western is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Second Amended Complaint and therefore denies those allegations.

15.     Western is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 and footnote 2 of the Second Amended Complaint and therefore denies those allegations.

16.     Western is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Second Amended Complaint and therefore denies those allegations.

17.     Western is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Second Amended Complaint and therefore denies those allegations

18.     Western is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Second Amended Complaint and therefore denies those allegations.

19.     Western denies each and every allegation set forth in Paragraph 19 of the Second Amended Complaint, except admits that Western is incorporated and maintains its headquarters in Tennessee.

20.     Western admits the allegations contained in Paragraph 20 of the Second Amended Complaint and would state that the independent contractor drivers have the discretion to determine where and when repairs and maintenance will be performed on the truck and where the truck will be parked.

21.     Western admits the allegations contained in Paragraph 21 of the Second Amended Complaint.

## PARTIES

22.     Western is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Second Amended Complaint and therefore denies those allegations.

23.     Western is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Second Amended Complaint and therefore denies those allegations.

24.     Western is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Second Amended Complaint and therefore denies those allegations.

25.     Western denies each and every allegation set forth in Paragraph 25 of the Second Amended Complaint.

26.     Western denies each and every allegation set forth in Paragraph 26 of the Second Amended Complaint and specifically denies the allegation that Plaintiffs were employees of Western as a matter of law or otherwise. Plaintiffs were independent contractor truck drivers for Western.

4

27.     Western admits that Plaintiffs were engaged in interstate commerce as independent contractors with Western.

28.     Western denies each and every allegation set forth in Paragraph 28 of the Second Amended Complaint, except admits that Plaintiffs purport to bring an action as alleged.

29.     Western denies each and every allegation set forth in Paragraph 29 of the Second Amended Complaint, except admits that Plaintiffs' purport to bring an action as alleged.

30.     Western denies each and every allegation set forth in Paragraph 30 of the Second Amended Complaint, except admits that Plaintiffs purport to bring an action as alleged. Western specifically denies that the alleged class of persons should encompass individuals up through the date of final judgment as alleged.

31.     Western admits Paragraph 31 of the Second Amended Complaint.

32.     Western denies each and every allegation set forth in Paragraph 32, including subparagraphs a–m, of the Second Amended Complaint.

33.     Western denies each and every allegation set forth in Paragraph 33, including subparagraphs a–f, of the Second Amended Complaint.

34.     Western denies each and every allegation set forth in Paragraph 34 of the Second Amended Complaint.

35.     Western denies each and every allegation set forth in Paragraph 35, including subparagraphs g–k, of the Second Amended Complaint.

36.     Western is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Second Amended Complaint and therefore denies those allegations.

37.     Western denies each and every allegation set forth in Paragraph 37 of the Second Amended Complaint.

38.     Western admits the allegations contained in Paragraph 38 of the Second Amended Complaint.

39.     Western denies each and every allegation set forth in Paragraph 39 of the Second Amended Complaint, except admits that Western is headquartered in Nashville, Tennessee at 7135 Centennial Place.

40.     Western admits that it is a motor carrier engaged in the transportation of freight in interstate commerce but denies that it is engaged in the shipment of freight.

41.     Western admits the allegations contained in Paragraph 41 of the Second Amended Complaint.

42.     Western admits that both Western and New Horizons Leasing, Inc. ("New Horizons") have offices at 7135 Centennial Place, Nashville, TN 37209.

43.     Western denies each and every allegation set forth in Paragraph 43 of the Second Amended Complaint, except admits that the two separate companies are related and that individuals who lease trucks from New Horizons may also drive for Western as independent contractors.

44.     Western is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of the Second Amended Complaint and therefore denies those allegations.

45.     Western denies each and every allegation set forth in Paragraph 45 of the Second Amended Complaint, except admits that Paul Wieck and Richard Prickett each have an ownership interest in Western.

46.     Western denies each and every allegation set forth in Paragraph 46 of the Second Amended Complaint, except admits that the two entities share some overlap in officers and directors.

47.     Western denies each and every allegation set forth in Paragraph 47 of the Second Amended Complaint.

48.     Western denies each and every allegation set forth in Paragraph 48 of the Second Amended Complaint.

49.     Western admits that Western conducts business throughout the country and is without knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 49 of the Second Amended Complaint and therefore denies those allegations.

50.     Western admits that Western has individually grossed more than $500,000 in each of the last three calendar years and is without knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 50 of the Second Amended Complaint and therefore denies those allegations.

51.     Western admits that it is engaged in interstate commerce, but Western specifically denies that the Amended Complaint states a claim under the Fair Labor Standards Act.  Western is without knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 51 of the Second Amended Complaint and therefore denies those allegations.

52.     Western denies each and every allegation set forth in Paragraph 52 of the Second Amended Complaint.

53.     Western denies each and every allegation set forth in Paragraph 53 of the Second Amended Complaint.

## FACTUAL BACKGROUND

54.     Western denies each and every allegation set forth in Paragraph 54 of the Second Amended Complaint and also denies each and every allegation set forth in heading A. above Paragraph 54.

55.     Western denies each and every allegation set forth in Paragraph 55 of the Second Amended Complaint.

56.     Western denies each and every allegation set forth in Paragraph 56 of the Second Amended Complaint.

57.     Western denies each and every allegation set forth in Paragraph 57 of the Second Amended Complaint.

58.     Western denies each and every allegation set forth in Paragraph 58 of the Second Amended Complaint.

59.     Western denies each and every allegation set forth in Paragraph 59 of the Second Amended Complaint.

60.     Western denies each and every allegation set forth in Paragraph 60 of the Second Amended Complaint, and further refers to the specific referenced documents for the complete terms thereof.

61.     Western denies each and every allegation set forth in Paragraph 61 of the Second Amended Complaint.

62.     Western denies each and every allegation set forth in Paragraph 62 of the Second Amended Complaint.

63.     Western denies each and every allegation set forth in Paragraph 63 of the Second Amended Complaint, except admits that drivers can take home time whenever they want.

8

64. Western denies each and every allegation set forth in Paragraph 64 of the Second Amended Complaint.

65. Western denies each and every allegation set forth in Paragraph 65 of the Second Amended Complaint.

66. Western denies each and every allegation set forth in Paragraph 66 of the Second Amended Complaint.

67. Western denies each and every allegation set forth in Paragraph 67 of the Second Amended Complaint.

68. Western denies each and every allegation set forth in Paragraph 68 of the Second Amended Complaint.

69. Western denies each and every allegation set forth in Paragraph 69 of the Second Amended Complaint.

70. Western denies each and every allegation set forth in Paragraph 70 of the Second Amended Complaint.

71. Western denies each and every allegation set forth in Paragraph 71 of the Second Amended Complaint.

72. Western denies each and every allegation set forth in Paragraph 72 of the Second Amended Complaint, and also denies each and every allegation set forth in heading B. above Paragraph 72.

73. Western denies each and every allegation set forth in Paragraph 73 of the Second Amended Complaint.

74. Western denies each and every allegation set forth in Paragraph 74 of the Second Amended Complaint.

9

75.     Western denies each and every allegation set forth in Paragraph 75 of the Second Amended Complaint.

76.     Western denies each and every allegation set forth in Paragraph 76 of the Second Amended Complaint.

77.     Western denies each and every allegation set forth in Paragraph 77 of the Second Amended Complaint.

78.     Western denies each and every allegation set forth in Paragraph 78 of the Second Amended Complaint.

79.     Western denies each and every allegation set forth in Paragraph 79 of the Second Amended Complaint.

80.     Western denies each and every allegation set forth in Paragraph 80 of the Second Amended Complaint.

81.     Western denies each and every allegation set forth in Paragraph 81 of the Second Amended Complaint.

82.     Western denies each and every allegation set forth in Paragraph 82 of the Second Amended Complaint.

83.     Western is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 83 of the Second Amended Complaint and therefore denies those allegations.

84.     Western denies each and every allegation set forth in Paragraph 84 of the Second Amended Complaint.

85.     Western denies each and every allegation set forth in Paragraph 85 of the Second Amended Complaint.

10

86.     Western denies each and every allegation set forth in Paragraph 86 of the Second Amended Complaint.

87.     Western denies each and every allegation set forth in Paragraph 87 of the Second Amended Complaint.

88.     Western denies each and every allegation set forth in Paragraph 88 of the Second Amended Complaint and also denies each and every allegation set forth in heading C. above Paragraph 88.

89.     Western denies each and every allegation set forth in Paragraph 89 of the Second Amended Complaint.

90.     Western denies each and every allegation set forth in Paragraph 90 of the Second Amended Complaint.

91.     Western denies each and every allegation set forth in Paragraph 91 of the Second Amended Complaint.

92.     Western denies each and every allegation set forth in Paragraph 92 of the Second Amended Complaint.

93.     Western denies each and every allegation set forth in Paragraph 93 of the Second Amended Complaint.

94.     Western denies each and every allegation set forth in Paragraph 94 of the Second Amended Complaint.

95.     Western denies each and every allegation set forth in Paragraph 95 of the Second Amended Complaint.

96.     Western denies each and every allegation set forth in Paragraph 96 of the Second Amended Complaint.

97.     Western denies each and every allegation set forth in Paragraph 97 of the Second Amended Complaint.

98.     Western denies each and every allegation set forth in Paragraph 98 of the Second Amended Complaint.

99.     Western denies each and every allegation set forth in Paragraph 99 of the Second Amended Complaint.

100.    Western denies each and every allegation set forth in Paragraph 100 of the Second Amended Complaint.

101.    Western denies each and every allegation set forth in Paragraph 101 of the Second Amended Complaint.

102.    Western denies each and every allegation set forth in Paragraph 102 of the Second Amended Complaint.

103.    Western denies each and every allegation set forth in Paragraph 103 of the Second Amended Complaint.

104.    Western denies each and every allegation set forth in Paragraph 104 of the Second Amended Complaint and also denies each and every allegation set forth in heading D. above Paragraph 104.

105.    Western denies each and every allegation set forth in Paragraph 105 of the Second Amended Complaint.

106.    Western denies each and every allegation set forth in Paragraph 106 of the Second Amended Complaint.

107.    Western denies each and every allegation set forth in Paragraph 107 of the Second Amended Complaint and also denies each and every allegation set forth in heading E. above Paragraph 107.

108.    Western is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 108 of the Second Amended Complaint and therefore denies those allegations.

109.    Western denies each and every allegation set forth in Paragraph 109 of the Second Amended Complaint.

110.    Western denies each and every allegation set forth in Paragraph 110 of the Second Amended Complaint.

111.    Western denies each and every allegation set forth in Paragraph 111 of the Second Amended Complaint.

112.    Western denies each and every allegation set forth in Paragraph 112 of the Second Amended Complaint.

113.    Western denies each and every allegation set forth in Paragraph 113 of the Second Amended Complaint.

114.    Western denies each and every allegation set forth in Paragraph 114 of the Second Amended Complaint.

115.    Western incorporates its answers and responses to the foregoing paragraphs as if set forth in their entirety and also denies each and every allegation set forth in heading F. above Paragraph 115.

116.    Western denies each and every allegation set forth in Paragraph 116 of the Second Amended Complaint.

117. Western refers and cites to 49 C.F.R. §376.12(a) for a complete and accurate recitation of the requirements of that regulation and denies all allegations in Paragraph 117 that are contrary to that regulation.

118. Western denies each and every allegation set forth in Paragraph 118 of the Second Amended Complaint.

119. Western denies each and every allegation set forth in Paragraph 119, including subparagraphs a-q, of the Second Amended Complaint. Western further denies that Exhibit A was attached to the Second Amended Complaint.

120. Western denies each and every allegation set forth in Paragraph 120, including subparagraphs a and b, of the Second Amended Complaint.

121. Western is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 121, including subparagraphs a-d, of the Second Amended Complaint and therefore denies those allegations.

122. Western denies each and every allegation set forth in Paragraph 122 of the Second Amended Complaint.

123. Western denies each and every allegation set forth in Paragraph 123 of the Second Amended Complaint and also denies each and every allegation set forth in heading G. above Paragraph 123.

124. Western refers to the Contract Hauling Agreement Plaintiff signed with Western for the complete and accurate terms thereof and denies any allegations in Paragraph 124 which are contrary to such terms. Western further denies that Exhibit A was attached to the Second Amended Complaint.

14

125.     Western denies each and every allegation set forth in Paragraph 125 of the Second Amended Complaint.

126.     Western is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 126, including subparagraphs a-c, of the Second Amended Complaint in that the referenced Exhibit B is not attached to the Second Amended Complaint and therefore denies those allegations and Western refers and cites to the settlement statement itself for a complete and accurate recitation of the terms thereof and denies any allegations in Paragraph 126 which are contrary to the terms of that settlement statement.

127.     Western is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 127 of the Second Amended Complaint in that the referenced Exhibit B is not attached to the Second Amended Complaint and therefore denies those allegations and Western refers and cites to the settlement statement itself for a complete and accurate recitation of the terms thereof and denies any allegations in Paragraph 127 which are contrary to the terms of that settlement statement.

128.     Western denies each and every allegation set forth in Paragraph 128 of the Second Amended Complaint.

129.     Western denies each and every allegation set forth in Paragraph 129 of the Second Amended Complaint.

130.     Western denies each and every allegation set forth in Paragraph 130 of the Second Amended Complaint.

131.     Western is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 131 of the Second Amended Complaint and therefore denies those allegations, except admits that Plaintiff Elmy began driving for Western in

15

approximately May of 2011 for approximately eight months. Western also denies each and every allegation set forth in heading H. above Paragraph 131. Western further denies each and every allegation set forth in heading "Plaintiff John Elmy" above Paragraph 131.

132. Western denies each and every allegation set forth in Paragraph 132 of the Second Amended Complaint.

133. Western denies each and every allegation set forth in Paragraph 133 of the Second Amended Complaint.

134. Western is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 134 of the Second Amended Complaint and therefore denies those allegations.

135. Western denies each and every allegation set forth in Paragraph 135 of the Second Amended Complaint, except admits that Plaintiff could take home time whenever he wanted.

136. Western denies each and every allegation set forth in Paragraph 136 of the Second Amended Complaint.

137. Western denies each and every allegation set forth in Paragraph 137 of the Second Amended Complaint.

138. Western is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 138 of the Second Amended Complaint and therefore denies those allegations.

139. Western is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 139 of the Second Amended Complaint and therefore denies those allegations.

140.     Western is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 140 of the Second Amended Complaint and therefore denies those allegations.

141.     Western denies each and every allegation set forth in Paragraph 141 of the Second Amended Complaint.

142.     Western is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 142 of the Second Amended Complaint and therefore denies those allegations.

143.     Western denies each and every allegation set forth in Paragraph 143 of the Second Amended Complaint.

144.     Western denies each and every allegation set forth in Paragraph 144 of the Second Amended Complaint.

145.     Western denies each and every allegation set forth in Paragraph 145 of the Second Amended Complaint.

146.     Western denies each and every allegation set forth in Paragraph 146 of the Second Amended Complaint.

147.     Western is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 147 of the Second Amended Complaint and therefore denies those allegations, except admits that Plaintiff Biernot began driving for Western in approximately August of 2019 for approximately four months. Western also denies each and every allegation set forth in the heading "Plaintiff Gerald Biernot" above Paragraph 147.

148.     Western denies each and every allegation set forth in Paragraph 148 of the Second Amended Complaint.

149. Western denies each and every allegation set forth in Paragraph 149 of the Second Amended Complaint.

150. Western denies each and every allegation set forth in Paragraph 150 of the Second Amended Complaint.

151. Western denies each and every allegation set forth in Paragraph 151 of the Second Amended Complaint.

152. Western denies each and every allegation set forth in Paragraph 152 of the Second Amended Complaint.

153. Western denies each and every allegation set forth in Paragraph 153 of the Second Amended Complaint.

154. Western denies each and every allegation set forth in Paragraph 154 of the Second Amended Complaint.

155. Western denies each and every allegation set forth in Paragraph 155 of the Second Amended Complaint.

156. Western denies each and every allegation set forth in Paragraph 156 of the Second Amended Complaint.

157. Western denies each and every allegation set forth in Paragraph 157 of the Second Amended Complaint.

158. Western denies each and every allegation set forth in Paragraph 158 of the Second Amended Complaint.

159. Western denies each and every allegation set forth in Paragraph 159 of the Second Amended Complaint.

160. Western is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 160 of the Second Amended Complaint and therefore denies those allegations, except admits that Plaintiff Holmes began driving for Western in approximately October of 2018. Western also denies each and every allegation set forth in the heading "Plaintiff Derrotis Holmes" above Paragraph 160.

161. Western denies each and every allegation set forth in Paragraph 161 of the Second Amended Complaint.

162. Western denies each and every allegation set forth in Paragraph 162 of the Second Amended Complaint.

163. Western denies each and every allegation set forth in Paragraph 163 of the Second Amended Complaint.

164. Western denies each and every allegation set forth in Paragraph 164 of the Second Amended Complaint.

165. Western denies each and every allegation set forth in Paragraph 165 of the Second Amended Complaint.

166. Western denies each and every allegation set forth in Paragraph 166 of the Second Amended Complaint.

167. Western denies each and every allegation set forth in Paragraph 167 of the Second Amended Complaint.

168. Western denies each and every allegation set forth in Paragraph 168 of the Second Amended Complaint.

169. Western denies each and every allegation set forth in Paragraph 169 of the Second Amended Complaint.

170.     Western denies each and every allegation set forth in Paragraph 170 of the Second Amended Complaint.

171.     Western denies each and every allegation set forth in Paragraph 171 of the Second Amended Complaint.

172.     Western denies each and every allegation set forth in Paragraph 172 of the Second Amended Complaint and also denies each and every allegation set forth in heading I. above Paragraph 172.

173.     Western denies each and every allegation set forth in Paragraph 173 of the Second Amended Complaint.

174.     Western denies each and every allegation set forth in Paragraph 174 of the Second Amended Complaint.

175.     Western denies each and every allegation set forth in Paragraph 175 of the Second Amended Complaint.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (FEDERAL FAIR LABOR STANDARDS ACT)

176.     Western incorporates its answers and responses to the preceding paragraphs numbered 1-175 of the Second Amended Complaint as if fully set forth herein.

177.     Western denies each and every allegation set forth in Paragraph 177 of the Second Amended Complaint.

178.     Western denies each and every allegation set forth in Paragraph 178 of the Second Amended Complaint.

179.     Western denies each and every allegation set forth in Paragraph 179 of the Second Amended Complaint.

20

## SECOND CAUSE OF ACTION
## (TENNESSEE COMMON LAW FRAUD)

180.   Western incorporates its answers and responses to the preceding paragraphs numbered 1-179 of the Second Amended Complaint as if fully set forth herein.

181.   Western denies each and every allegation set forth in Paragraph 181 of the Second Amended Complaint.

182.   Western denies each and every allegation set forth in Paragraph 182 of the Second Amended Complaint.

183.   Western denies each and every allegation set forth in Paragraph 183 of the Second Amended Complaint.

184.   Western denies each and every allegation set forth in Paragraph 184 of the Second Amended Complaint.

185.   Western denies each and every allegation set forth in Paragraph 185 of the Second Amended Complaint.

186.   Western denies each and every allegation set forth in Paragraph 186 of the Second Amended Complaint.

## THIRD CAUSE OF ACTION
## (TENNESSEE COMMON LAW NEGLIGENT MISREPRESENTATION)

187.   Western incorporates its answers and responses to the preceding paragraphs numbered 1-186 of the Second Amended Complaint as if fully set forth herein.

188.   Western denies each and every allegation set forth in Paragraph 188 of the Second Amended Complaint.

189.   Western denies each and every allegation set forth in Paragraph 189 of the Second Amended Complaint.

21

190.    Western denies each and every allegation set forth in Paragraph 190 of the Second Amended Complaint.

191.    Western denies each and every allegation set forth in Paragraph 191 of the Second Amended Complaint.

192.    Western denies each and every allegation set forth in Paragraph 192 of the Second Amended Complaint.

## FOURTH CAUSE OF ACTION
### (TENNESSEE COMMON LAW UNENFORCEABLE CONTRACT)

193.    Western incorporates its answers and responses to the preceding paragraphs numbered 1-192 of the Second Amended Complaint as if fully set forth herein.

194.    Western denies each and every allegation set forth in Paragraph 194 of the Second Amended Complaint.

195.    Western denies each and every allegation set forth in Paragraph 195 of the Second Amended Complaint.

196.    Western denies each and every allegation set forth in Paragraph 196 of the Second Amended Complaint.

## FIFTH CAUSE OF ACTION
### (TENNESSEE COMMON LAW UNJUST ENRICHMENT)

197.    Western incorporates its answers and responses to the preceding paragraphs numbered 1-196 of the Second Amended Complaint as if fully set forth herein.

198.    Western denies each and every allegation set forth in Paragraph 198 of the Second Amended Complaint.

199.    Western denies each and every allegation set forth in Paragraph 199 of the Second Amended Complaint.

200. Western denies each and every allegation set forth in Paragraph 200 of the Second Amended Complaint.

201. Western denies each and every allegation set forth in Paragraph 201 of the Second Amended Complaint.

202. Western denies each and every allegation set forth in Paragraph 202 of the Second Amended Complaint.

## SIXTH CAUSE OF ACTION
## (FEDERAL FORCED LABOR)

203. Western incorporates its answers and responses to the preceding paragraphs numbered 1-202 of the Second Amended Complaint as if fully set forth herein.

204. Western denies each and every allegation set forth in Paragraph 204 of the Second Amended Complaint.

205. Western denies each and every allegation set forth in Paragraph 205 of the Second Amended Complaint.

206. , Western denies each and every allegation set forth in Paragraph 206 of the Second Amended Complaint.

207. Western denies each and every allegation set forth in Paragraph 207 of the Second Amended Complaint.

## SEVENTH CAUSE OF ACTION
## (TRUTH-IN-LEASING ACT)

208. Western incorporates its answers and responses to the preceding paragraphs numbered 1-207 of the Second Amended Complaint as if fully set forth herein.

209.     Western denies each and every allegation set forth in Paragraph 209 of the Second Amended Complaint.

210.     Western denies each and every allegation set forth in Paragraph 210 of the Second Amended Complaint.

## EIGHTH CAUSE OF ACTION
## (BREACH OF CONTRACT)

211.     Western incorporates its answers and responses to the preceding paragraphs numbers 1-210 of the Second Amended Complaint as if fully set forth herein.

212.     Western denies each and every allegation set forth in Paragraph 212 of the Second Amended Complaint.

213.     Western denies each and every allegation set forth in Paragraph 213 of the Second Amended Complaint.

214.     Any and all allegations contained in the Second Amended Complaint that have not been previously specifically admitted or denied, are hereby denied.

215.     Western denies that Plaintiffs, or any allegedly similarly situated individual, or any purported class or collective action member, are entitled to any of the relief prayed for in the Second Amended Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

### First Defense

1.     The activities for which Plaintiffs allege they and the putative class were not properly compensated do not constitute compensable work under the FLSA and/or any other claimed state or federal law. Western properly classified and treated Plaintiffs and the putative class as independent contractors and, as such, the FLSA does not apply to Plaintiffs or the putative class.

## Second Defense

2.      Plaintiffs' Second Amended Complaint fails to state a claim upon which relief can be granted.

## Third Defense

3.      Plaintiffs and the putative class are properly classified as independent contractors and therefore the FLSA does not apply. If the FLSA is found to apply to Plaintiffs' claims, at all times relevant to Plaintiffs' Second Amended Complaint, Western acted in good faith in attempting to comply with its obligations under the FLSA. Accordingly, liquidated damages are not available or warranted under the provisions of the FLSA.

## Fourth Defense

4.      Plaintiffs and the putative class are properly classified as independent contractors and therefore the FLSA does not apply. If the FLSA is found to apply, any purported violation of the FLSA by Western—which Western denies in its entirety—was not willful, and therefore all such FLSA claims are limited by a two-year limitations period.

## Fifth Defense

5.      To the extent applicable, Plaintiffs' claims and members of the purported class and/or collective action are precluded by their own actions and are therefore barred by the equitable doctrines of waiver, estoppel, unclean hands, and/or laches.

## Sixth Defense

6.      Even assuming, arguendo, that Plaintiffs' Second Amended Complaint is partially correct, Plaintiffs and members of the purported class and/or collective action seek compensation for time that is de minimus.

## Seventh Defense

7.      Plaintiffs and the putative class they purport to represent were paid all payments that were due and owing, and to which they were entitled under the FLSA and Tennessee state law.

## Eighth Defense

8.      Plaintiffs and members of the purported class and/or collective action are not similarly situated. As a result, the potential claims of the purported class and/or collective action members would differ and/or vary greatly and on a case-by-case basis, thus requiring the Court to engage in numerous individualized determinations if the class and/or collective action were certified, and such class and/or collective action should not be certified.

## Ninth Defense

9.      The class action portion of the Second Amended Complaint seeking class-wide relief must be dismissed, as Plaintiff cannot satisfy the requirements for maintenance of a class action under Fed. R. Civ. P. 23.

## Tenth Defense

10.      Because Plaintiffs and each purported class and/or collective action member was or is an independent contractor, signed a separate independent contractor contract with Western, and maintained their own separate and distinct business relationships with Western, Plaintiffs are not representative of the purported class and/or collective action and the case cannot proceed as a class or collective action.

**Eleventh Defense**

11.     The collective action portion of the Second Amended Complaint seeking class-wide relief must be dismissed, as Plaintiffs cannot satisfy the requirements for maintenance of a collective action under Section 216 of the FLSA, or otherwise.

**Twelfth Defense**

12.     Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations.

**Thirteenth Defense**

13.     Plaintiffs' alleged damages were not proximately caused by any unlawful policy, custom, practice, and/or procedure promulgated and/or undertaken by Western.

**Fourteenth Defense**

14.     Although Western denies that Plaintiffs and members of the purported class and/or collective action are entitled to any relief, Western asserts that any claimed damages arose as a result of their own actions, or failures to act, and they have failed to mitigate their alleged damages. To the extent that Plaintiffs and members of the purported class and/or collective action have mitigated their damages, they may not recover for any alleged damages so mitigated.

**Fifteenth Defense**

15.     Plaintiffs' claims are preempted in whole or in part by the Federal Arbitration Act and the Tennessee Uniform Arbitration Act.

**Sixteenth Defense**

16.     Plaintiffs' claims are preempted in whole or in part under the Federal Aviation Administration Authorization Act (FAAAA) 49 U.S.C. §14501 which prohibits states from enacting or enforcing "a law, regulation, or other provision having the force and effect of law

27

related to price, route or service of any motor carrier … or any motor private carrier, broker, or freight forwarder with respect to the transportation of property."  49 U.S.C. §14501(c)(1).

### Seventeenth Defense

17.     Plaintiffs' Second Amended Complaint does not describe some or all of the claims asserted against Western with sufficient particularity to enable Western to determine all of the defenses and/or claims available to Western in response to that action. Therefore, Western reserves the right to assert all defenses and/or claims which may be applicable to the claims alleged until such time as the precise nature of the various claims are ascertained and all facts are discovered.

**WHEREFORE** having fully answered, Western prays that this Court dismiss this action against Western with prejudice and enter judgment in favor of Western with costs of suit and such other and further relief as the Court deems proper, including, but not limited to, attorneys' fees, costs, and expenses.

Dated: June 29, 2020

<div style="margin-left: 50%;">

Respectfully submitted,

*/s/ Mark E. Hunt*
R. Eddie Wayland (No. 6045)
Mark E. Hunt (No. 10501)
Hunter K. Yoches (No. 36267)
KING & BALLOW
315 Union Street
Suite 1100
Nashville, TN 37201
(615) 726-5430
rew@kingballow.com
mhunt@kingballow.com
hyoches@kingballow.com
*Attorneys for Western Express, Inc. and New Horizons Leasing, Inc.*

</div>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing pleading was electronically filed with the Court

and electronically served on date reflected in the ECF system upon:

Mike Sweeney
Lesley Tse
Getman, Sweeney & Dunn, PLLC
260 Fair Street
Kingston, NY 12401
Phone: (845) 255-9370

Justin L. Swidler
SWARTZ SWIDLER LLC
1101 Kings Hwy N.
Suite 402
Cherry Hill, NJ 08034
Phone: (856) 685-7420

Charles Yezbak
Yezbak Law Offices
2002 Richard Jones Road
Suite B-200
Nashville, TN 37215

By:    */s/ Mark E. Hunt*  _____
Mark E. Hunt

29