IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| JOHN ELMY, individually and on behalf of all other similarly situated persons,<br><br>**Plaintiffs,**<br><br>v.<br><br>WESTERN EXPRESS, INC., NEW HORIZONS LEASING, INC., and JOHN DOES 1-5,<br><br>**Defendants.** | CIVIL NO. 3:17-cv-01199<br><br>JUDGE CAMPBELL<br>MAGISTRATE FRENSLEY |

**PLAINTIFFS' MOTION TO ASCERTAIN STATUS OF
PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF
COLLECTIVE ACTION SETTLEMENT (DOC. 511)**

Pursuant to Local Rule 7.01(c), Plaintiffs respectfully move to ascertain the status of Plaintiffs' Unopposed Motion for Preliminary Approval of Collective Action Settlement (Doc. 511) ("Unopposed Motion for Preliminary Approval"). Plaintiffs believe an expedited ruling on the Unopposed Motion for Preliminary Approval is necessary because the transient nature of the settlement class members (long-haul truck drivers) makes certain that the more time that passes, the more likely settlement class members' contact information will be obsolete. This means that many settlement class members will not receive notice of the settlement and, as a result, may not recover their lost wages.

Plaintiffs filed their Unopposed Motion for Preliminary Approval on February 28, 2022, and the motion has been pending since then. As set forth in the Unopposed Motion for Preliminary Approval, preliminary approval is the first step in the settlement process. *Daoust v. Maru Rest., LLC*, 2019 WL 1055231, at *1. It simply allows notice to issue to the Class and for Class Members to inform them of their rights under the settlement. *Id.* After the notice period, the Court will be able to evaluate the settlement with the benefit of the Class Members' input. *Id. citing Newberg*

1

*on Class Actions* at § 11.25 ("If the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness or other obvious deficiencies ... and appears to fall within the range of possible approval, the court should direct that" notice issue and should schedule a final approval hearing.").

Because class members have not yet been sent settlement notice, they are not aware of the settlement and do not know that they should notify Class Counsel or the Settlement Administrator of any changes in their contact information. Because the class is made up of long-haul truckers working for less than the minimum wage who are likely to be transient, their contact information quickly becomes stale. Consequently, Plaintiffs request that the Court issue a decision on the Unopposed Motion for Preliminary Approval as soon as possible to minimize the incidences of class members' contact information becoming obsolete.

## CONCLUSION

Plaintiffs respectfully request an expedited ruling on the Unopposed Motion for Preliminary Approval so that notice may be issued to settlement class members as soon as possible.

Dated: May 18, 2022

        Respectfully Submitted,

        */s/ Michael J.D. Sweeney*

        Michael J.D. Sweeney (*pro hac vice*)
        Getman, Sweeney & Dunn, PLLC
        260 Fair Street
        Kingston, New York 12401
        Telephone: (845) 255-9370
        Fax: (845) 255-8649
        Email: msweeney@getmansweeney.com

Justin L. Swidler, Esq. (*pro hac vice*)
Joshua S. Boyette (*pro hac vice*)
Swartz Swidler, LLC
1101 Kings Hwy N., Ste 402
Cherry Hill, NJ 08034
Tel: (856) 685-7420
Fax: (856) 685-7417
Email: jswidler@swartz-legal.com

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2022, a copy of the foregoing document and any attachments were electronically filed with the Court and electronically served on the date reflected in the ECF system upon:

Mark E. Hunt
R. Eddie Wayland
Hunter K. Yoches
King & Ballow Law Offices
315 Union Street Ste. 1100
Nashville, TN 37201
Phone: (615) 259-3456
Fax: (615) 726-5417

By: */s/ Lesley Tse*
Lesley Tse