**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**

| | |
|---|---|
| **JOHN ELMY, et al.,** | |
| **Plaintiffs,** | **CIVIL NO. 3:17-cv-01199** |
| **v.** | **Judge Campbell/Frensley** |
| **WESTERN EXPRESS, INC., et al.,** | |
| **Defendants.** | |

**ORDER GRANTING FINAL APPROVAL OF**
**FLSA COLLECTIVE AND RULE 23 CLASS ACTION SETTLEMENT, SERVICE**
**PAYMENTS, AND CLASS COUNSEL'S FEES AND COSTS AND FINAL JUDGMENT**

This matter was set for hearing pursuant to the Court's Order Granting Preliminary Approval of Collective Action Settlement, Approval of Settlement Notice, and Notice of Release of Claims (Doc. 511) entered on May 19, 2022. The Court conducted the Final Fairness Hearing on August 29, 2022, at which time it considered Plaintiffs' Unopposed Motion for Final Approval of the FLSA Collective and Rule 23 Class Action Settlement and Motion for Approval of Service Payments and Class Counsel's Fees and Costs. The Court has considered all pleadings filed in support of final approval of the Settlement, including supporting Declarations and oral arguments of counsel, and the objections of two Settlement Class Members. The Court now hereby finds and concludes as follows:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1) ***Definitions.*** This Order incorporates by reference the fair, reasonable, and adequate definitions, terms and conditions of the Settlement Agreement (Doc. 511-2 at PageID # 5521-53) ("Settlement Agreement") which are fully incorporated in and made part of this Final Judgment and shall have the same meaning as set forth therein.

2) ***Jurisdiction.*** The Court has jurisdiction over the subject matter of the Settlement Agreement and all Parties in this Litigation.

3) ***Settlement Approval.*** The Court hereby grants final approval of the Settlement Agreement and, pursuant to Fed.R.Civ.P. 23(e) and the FLSA, 29 U.S.C. §201, *et seq.*, finds that the settlement satisfies all of the final approval criteria in *Moulton v. United States Steel Corp.*, 581 F.3d 344, 349 (6th Cir. 2009), is in the best interest of the Settlement Class Members, was the result of extensive arm's length negotiations with the assistance of an experienced mediator, and is fair, reasonable and just. The Court has considered the objections from two Settlement Class Members and finds that they do not provide a basis for rejecting or modifying the Settlement Agreement. *See, e.g.*, *In re Polyurethane Foam Antitrust Litig.*, 168 F. Supp. 3d 985, 1001 (N.D. Ohio 2016) (Overruling objections made by objectors' "wishing-for-more" where the objections failed to account for the legal risks and reality of litigation); *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 424 F. Supp. 3d 456, 492 (E.D. La. 2020) (same). *See also Moore v. Med. Fin. Servs., Inc.,* No. 220CV02443MSNCGC, 2021 WL 6333304, at *4 (W.D. Tenn. Nov. 30, 2021), *report and recommendation adopted*, No. 220CV02443MSNCGC, 2022 WL 178835 (W.D. Tenn. Jan. 19, 2022) (finding in favor of the settlement where there are only a few objections); *Peck v. Air Evac EMS, Inc.,* No. CV 5:18-615-DCR, 2020 WL 354307, at *6 (E.D. Ky. Jan. 21, 2020) (same); *Gokare v. Fed. Express Corp.,* No. 2:11-CV-2131-JTF-CGC, 2013 WL 12094870, at *6 (W.D. Tenn. Nov. 22, 2013) (same); *In re Cardizem CD Antitrust Litig.,* 218 F.R.D. 508, 527 (E.D. Mich. 2003) (same). Accordingly, the Settlement Agreement is approved in all respects and shall be consummated in accordance with its

terms and conditions. The Parties and the Claims Administrator are hereby directed to perform the terms of the Settlement Agreement.

4) ***Class Notice.*** The Court finds that the court appointed Claims Administrator completed the delivery of the Notice according to the terms of the Settlement Agreement and the Preliminary Approval Order. The Court further finds that the Notice:

    A.    Constituted the best Notice practicable under the circumstances, including individual Notice to all Settlement Class Members who were identified on the class notice list;

    B.    Was reasonably calculated under the circumstances to apprise Settlement Class Members of: (I) their rights under the Settlement, including the right to object to any aspect of the proposed settlement and to be excluded from the settlement; (II) their right to appear at the Final Fairness Hearing; (III) The amount of attorneys' fees, litigation expenses, administrative costs and service awards to the Named Plaintiffs and Original Discovery Representatives requested in the Settlement Agreement; (IV) the Released Claims and (V) the binding effect of the Court's Rulings, Orders and Judgment in this action on all persons who are not excluded from the Settlement Class;

    C.    Was reasonable and constituted due, adequate and sufficient notice to all persons entitled to be provided with such notice;

    D.    Fully satisfied all the applicable requirements of Fed.R.Civ.P. 23, due process, and the Court's Preliminary Approval Order;

3

E.      Fully satisfied the requirements of the Class Action Fairness Act
(CAFA) of 2005, 28 U.S.C. §1715 (See Doc. [516-2], Declaration
of Aisha Lange on Implementation of CAFA Noticing).

5) *Release.*  The Releasing Class Members are permanently barred and enjoined from further prosecuting any of the Released Claims against Defendants and the Released Parties, consistent with Sections 8 and 9 of the Settlement Agreement.

6) *Injunction Against Asserting Released Claims.*  All Settlement Class Members are hereby forever barred and enjoined from asserting, instituting or prosecuting, directly or indirectly, any of the Released Claims in any court or other forum against the Released Parties, regardless of whether or not such Settlement Class Member executed a claim form, and also as specified in Sections 8 and 9 of the Settlement Agreement.

7) *Service Payments.*  The Court finds the requested Service Payments to the Named Plaintiffs and Original Discovery Representative of twenty thousand ($20,000.00) Dollars for each of the named Plaintiffs John Elmy and Gerald Biernot and five thousand ($5,000.00) Dollars for each of Original Discovery Representatives who assisted with discovery, Glynn Grays, Rosa Valdez, Jeffrey Uebelhoer, Derrotis Holmes, and Lisa Smiley, are fair and reasonable and are hereby approved.

8) *Allocation and Payment of Settlement Amounts.*  The Court finds that the proposed plan of allocation of the Net Settlement Fund is rationally related to the relative strengths and weaknesses of the respective claims asserted and is fair, reasonable and adequate. The Claims Administrator is directed to distribute the Individual Settlement Payments to the Settlement Class Members or, where applicable, the qualified beneficiary or executor of

4

a deceased Settlement Class Member, within fourteen (14) business days after the Settlement Effective Date.

9) ***Attorneys' Fees***.  The Court hereby concludes that Class Counsel's requested fee award of $5,000,000 is fair and reasonable and is therefore approved.

10) ***Costs and Expenses***. The Court hereby concludes that Class Counsel's costs of $53,307.05 are fair and reasonable and are hereby approved.

11) ***Payment of Class Counsels' Attorneys' Fees, Costs and Expenses***.  The Claims Administrator shall pay Class Counsel's fees and costs, as approved herein, in the form and manner provided in the Settlement Agreement.

12) ***Continuing Jurisdiction Without Affecting the Finality of this Final Judgment.***  The Court retains continuing jurisdiction over (a) implementation and administration of the Settlement Agreement, distribution of the Individual Settlement Payments, Service Payments and Class Counsel's Fees, Costs and Expenses until each and every act agreed to be performed pursuant to the Settlement Agreement has been performed and (b) over all Parties to this Litigation and the Settlement Class Members for the purpose of enforcing and administrating the Settlement Agreement.

13) ***Dismissal with Prejudice.***  The Court hereby dismisses this Litigation and all of the claims asserted herein against Defendants, with prejudice.

14) ***Final Judgment.***  The Court finds, for purposes of Fed.R.Civ.P. 54(b), that there is no just reason for delay and directs the Clerk to enter this Final Judgment pursuant to Fed.R.Civ.P. 58 forthwith. Neither modification of the distribution of the Individual Settlement Payments nor any action in regard to the award of Class Counsel's Fees, Costs and Expenses shall affect the finality of any portion of this Judgment, nor delay the Settlement

Effective Date of the Settlement Agreement and each shall be considered separate for the purpose of appellate review of this Order.

THUS DONE AND SIGNED this 29th day of _____August_____, 2022 at Nashville, Tennessee.

_____
HON. WILLIAM L. CAMPBELL, JR., JUDGE
UNITED STATES DISTRICT COURT